IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 08-CV-02278-LTB-MJW

TIMOTHY MASTERS,

     Plaintiff,

v.

TERRENCE A. GILMORE, former Deputy District Attorney of the Eighth Judicial District, in
    his individual and official capacities;
JOLENE C. BLAIR, former Deputy District Attorney of the Eighth Judicial District, in her
    individual and official capacities;
JAMES BRODERICK, Lieutenant in the Fort Collins Police Department, in his individual and
    official capacities;
MARSHA REED, former Detective in the Fort Collins Police Department, in her individual and
    official capacities;
DENNIS V. HARRISON, Chief of the Fort Collins Police Department, in his individual and
    official capacities;
CITY OF FORT COLLINS, a municipality;
STUART VANMEVEREN, a former District Attorney of the Eighth Judicial District, in his
    individual and official capacities;
LARRY ABRAHAMSON, District Attorney of the Eighth Judicial District, in his official
    capacity; and
EIGHTH JUDICIAL DISTRICT OF COLORADO,

     Defendants.

---

## ANSWER FROM DEFENDANTS CITY OF FORT COLLINS, DENNIS V. HARRISON AND MARSHA REED, AND DEMAND FOR JURY TRIAL

---

Defendants, the City of Fort Collins, Colorado, Dennis V. Harrison and Marsha Reed

("Defendants"), by and through their counsel, Thomas J. Lyons, Esq., Andrew D. Ringel, Esq.

and Katherine M.L. Pratt, Esq., of Hall & Evans, L.L.C., hereby submit their Answer to the

Plaintiff's Complaint and Demand for Jury Trial, as follows:

## INTRODUCTION[1]

1.      These Defendants object to all elements of the Plaintiff's Complaint herein that constitute an effort to state a legal opinion or conclusion, as well as to state an argument on behalf of Plaintiff.   This objection pertains to the Introduction allegations in Plaintiff's Complaint, as well as to multiple other paragraphs where Plaintiff attempts to assert legal conclusions, arguments and opinions.   In addition, these Defendants object to the Complaint's effort to characterize actual documents, including those that document events, such as the various court records involving Plaintiff's criminal conviction, appeal and post-appeal proceedings.   These Defendants state that all such documents, in their entirety, speak for themselves and any effort by the Plaintiff to characterize or interpret such documents in the course of stating a Complaint is objectionable.   Defendants also object to the Complaint because it is inconsistent with the short and plain statement requirements of Fed. R. Civ. P. 8(a). Wherever these Defendants are able to respond to Complaint allegations despite the inclusion of such objectionable components, such responses are set out without waiver of any such objection. These Defendants also state that they lack sufficient knowledge or information to form a belief as to the allegations found in the first two paragraphs of that part of the Complaint identified as an Introduction by Plaintiff, requiring that all such allegations be denied.   In all other respects, these Defendants deny the allegations found in the Introduction section of the Complaint.

---

[1] Repeating subtitles and titles used in Plaintiff's Complaint in this Answer is done to identify the demarcations provided by Plaintiff in the Complaint only and in no way intended to adopt or admit any allegation of Plaintiff respecting any aspect or element of this matter.

## JURISDICTION AND VENUE

2.      These Defendants admit that this Court possesses subject matter jurisdiction to consider matters that arise under federal statute and the United States Constitution, to the extent alleged by paragraph one of the Complaint herein.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations found in that numbered paragraph, requiring that such allegations be deemed denied.

3.      These Defendants admit the allegations of Complaint paragraph two of Plaintiff's Complaint.

## PARTIES

4.      These Defendants lack sufficient knowledge or information to form a belief as to the citizenship or residence of Plaintiff, requiring the denial of the allegations in paragraph three of the Complaint.

5.      These Defendants admit that Terence A. Gilmore and Jolen C. Blair were once employed as Deputy District Attorneys in Colorado's Eighth Judicial District to the extent alleged by Complaint paragraphs four and five.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs four and five, requiring the denial of such allegations.

6.      These Defendants admit that James Broderick is an employee of the Fort Collins Police Department and that he was involved in an investigation into the murder of an individual named Peggy Hettrick, to the extent alleged in Complaint paragraph six.  In all other respects, the allegations of Complaint paragraph six are denied.

7.      These Defendants admit that Marsha Reed was an employee of the Fort Collins Police Department and that she was involved in an investigation into the murder of an individual named Peggy Hettrick, to the extent alleged in Complaint paragraph seven.  In all other respects, the allegations of Complaint paragraph seven are denied.

8.      These Defendants admit that Dennis V. Harrison is an employee of the Fort Collins Police Department who became the Chief of Police in 1997, to the extent alleged in Complaint paragraph eight.  In all other respects, the allegations of Complaint paragraph eight are denied.

9.      These Defendants admit that the City of Fort Collins is a municipal entity in Colorado, to the extent alleged by the Complaint in paragraph nine.  In all other respects, the allegations of Complaint paragraph nine are denied.

10.     These Defendants admit that Stuart VanMeveren was once the elected District Attorney in Colorado's Eight Judicial District, to the extend alleged by Complaint paragraph ten. In all other respects, the allegations of Complaint paragraph ten are denied.

11.     These Defendants admit that Larry Abrahamson is the current elected District Attorney in Colorado's Eight Judicial District, to the extend alleged by Complaint paragraph eleven.  In all other respects, the allegations of Complaint paragraph eleven are denied.

12.     These Defendants admit that the Eight Judicial District exists in Colorado pursuant to provisions of Colorado law, to the extend alleged by Complaint paragraph twelve.  In all other respects, the allegations of Complaint paragraph twelve are denied.

13.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph thirteen, requiring the denial of such allegations.  Such

allegations also appear to constitute an objectionable effort to assert a legal conclusion or opinion, rather that any facts.

## FACTUAL BACKGROUND

### Overview

14.     These Defendants admit that the body of a female known as Peggy Hettrick was discovered in Fort Collins, Colorado on or about February 11, 1987, to the extent alleged in Complaint paragraph fourteen.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph fourteen, requiring the denial of such allegations.

15.     These Defendants admit that Plaintiff Timothy Masters was questioned in relation to the demise of Ms. Hettrick and that a thorough search of the area where the body was discovered occurred, to the extent alleged by Complaint paragraph fifteen.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph fifteen, requiring the denial of such allegations.

16.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs sixteen, seventeen and eighteen, requiring the denial of all such allegations.

17.     These Defendants deny the allegations of Complaint paragraph nineteen.

18.     These Defendants admit that individuals named of Roy Hazelwood and Dr. Reid Maloy were involved to some extent in the analysis of the Peggy Hettrick matter, as well as that Plaintiff was arrested in 1998 in California, to the extent alleged by Complaint paragraph twenty. In all other respects, the allegations of Complaint paragraph twenty are denied.

19.     These Defendants admit that Plaintiff Masters was charged with murder and convicted, with that conviction upheld on appeal, to the extent alleged by Complaint paragraph twenty-one.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph twenty-one, requiring the denial of such allegations.

20.     These Defendants admit that Plaintiff Masters secured a court order vacating his conviction in 2008, to the extent alleged by Complaint paragraph twenty-two.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph twenty-two, requiring the denial of such allegations.

### Investigation

21.     These Defendants admit that Ms. Hettrick was stabbed and that blood loss was involved in her death, to the extent alleged by Complaint paragraph twenty-three.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph twenty-three, requiring the denial of such allegations.

22.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs twenty-four and twenty-five, requiring the denial of such allegations.

23.     These Defendants deny the allegations of Complaint paragraph twenty-six.

24.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs twenty-seven and twenty-eight, requiring the denial of such allegations.

25.     These Defendants admit that an arrest warrant for Plaintiff Masters was obtained in or about 1992, to the extent alleged in Complaint paragraph twenty-nine.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph twenty-nine, requiring the denial of such allegations.

26.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph thirty, requiring the denial of such allegations.

27.     These Defendants admit that Defendant Jim Broderick and Defendant Marsha Reed served as investigators during some interval in relation to the investigation into the death of Ms. Hettrick prior to the arrest of Plaintiff Masters, to the extent alleged by Complaint paragraph thirty-one.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph thirty-one.

28.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph thirty-two, requiring the denial of such allegations.

29.     These Defendants admit that an arrest warrant for Plaintiff Masters was obtained in or about 1998, to the extent alleged by Complaint paragraph thirty-three.  In all other respects, the allegations of Complaint thirty-three are denied.

**<u>Trial</u>**

30.     These defendants admit that Plaintiff Masters was tried for murder to the extent alleged in Complaint paragraph thirty-four.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph thirty-four, requiring the denial of such allegations.

31.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs thirty-five, thirty-six, thirty-seven, thirty-eight and thirty-nine, requiring the denial of such allegations.

32.     These Defendants admit the allegations of Complaint paragraph forty.

## Post-Conviction

33.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph forty-one, requiring the denial of such allegations.

34.     These Defendants deny the allegations of Complaint paragraph forty-two.

35.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs forty-three and forty-four, requiring the denial of such allegations.

36.     These Defendants deny the allegations of Complaint paragraph forty-five.

37.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs forty-six and forty-seven, requiring the denial of such allegations.

38.     These Defendants admit that Plaintiff Masters was released from prison in 2008, to the extent alleged in Complaint paragraph forty-eight.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs forty-eight, requiring the denial of such allegations.

39.     These Defendants admit that the Attorney Regulation Counsel of the Colorado Supreme Court investigated and reviewed licensed attorneys in connection with the conviction of Plaintiff Masters, to the extent alleged by Complaint paragraph forty-nine.  In all other respects,

these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs forty-nine, requiring the denial of such allegations.

## Purported Actions

40.     These Defendants deny the allegations of Complaint paragraph fifty.

41.     These Defendants deny all allegations pertaining to Defendants Broderick, Reed and Harrison found in Complaint paragraph fifty-one.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs fifty-one, requiring the denial of such allegations.

42.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph fifty-two, requiring the denial of such allegations.

## "Dr. Tsoi"

43.     These Defendants admit that Dr. Reid Malloy suggested conferring with a physician respecting the wounds inflicted on Ms. Hettrick, to the extent alleged by Complaint paragraph fifty-three.  In all other respects, these Defendant lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph fifty-three, requiring the denial of such allegations.

44.     These Defendants admit that Marsha Reed conferred by telephone with Dr. Christopher Tsoi respecting wounds inflicted on Ms. Hettrick and sent him information respecting such wounds, to the extent alleged by Complaint paragraph fifty-four.  In all other respects, the allegations of Complaint paragraph fifty-four are denied.

45.     These Defendants deny the allegations of Complaint paragraph fifty-five.

46.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs fifty-six, fifty-seven, fifty-eight and fifty-nine, requiring the denial of such allegations.

47.     These Defendants deny the allegations of Complaint paragraph sixty, sixty-one and sixty-two.

### "Knife Expert"

48.      These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs sixty-three, sixty-four, sixty-five, sixty-six, and sixty-seven, requiring the denial of such allegations.

49.     These Defendants deny the allegations of Complaint paragraph sixty-eight and sixty-nine, to the extent such allegations related to Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs sixty-eight and sixty-nine, requiring the denial of such allegations.

### "Alternative Suspects"

50.     These Defendants deny the allegations of Complaint paragraph seventy.

### Dr. Hammond

51.     These Defendants admit that a Dr. Richard Hammond lived near the location where Ms. Hettrick's body was discovered in 1987, to the extent alleged by Complaint paragraph seventy-one.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph seventy-one.

52.     These Defendants admit that Dr. Hammond was arrested in connection with videotaping discovered in his home in or about 1995, to the extent alleged in Complaint

paragraph seventy-two.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph seventy-two, requiring the denial of such allegations.

53.     These Defendants admit that the Fort Collins Police Department seized evidence in connection with the investigation of Dr. Hammond's behavior to the extent alleged by Complaint paragraph seventy-three.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph seventy-three, requiring the denial of such allegations.

54.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs seventy-four, seventy-five, seventy-six, seventy-seven, seventy-eight, seventy-nine, eighty, eighty-one, eighty-two, eighty-three and eighty-four, requiring the denial of such allegations.

55.     These Defendants admit that storage lockers rented in the name of a Dr. Hammond contained materials related to sexual matters, to the extent alleged in Complaint paragraph eighty-five.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph eighty-five, requiring the denial of such allegations.

56.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs eighty-six, eighty-seven, eighty-eight, eighty-nine, and ninety, ninety-one, ninety-two, ninety-three, ninety-four, ninety-five, ninety-six, and ninety-seven, requiring the denial of such allegations.  These defendants also object to any attempt to

state the content of any writing in connection with the assertion of any such allegations, as such content may only be established through the writing itself.

57.     These Defendants deny that anyone urged Defendant Reed to consider Dr. Hammond a suspect in the Hettrick murder, to the extent alleged in Complaint paragraph ninety-eight.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph ninety-eight, requiring the denial of such allegations.

58.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs ninety-nine, one hundred, one hundred one, and one hundred two, requiring the denial of such allegations.

59.     These Defendants deny any allegation involving Defendant Reed alleged in Complaint paragraph one hundred three.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred three, requiring the denial of such allegations.

60.     These Defendants deny any allegation that the evidence associated with Dr. Hammond was not reviewed, to any extent alleged by Complaint paragraph one hundred four.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred four, requiring the denial of such allegations.

61.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred five, one hundred six, one hundred seven, and one hundred eight, requiring the denial of such allegations.

62.     These Defendants deny that Defendant Reed was ever under any obligation or failed to fulfill any obligation of any kind respecting Dr. Hammond, to any extent alleged by Complaint paragraph one hundred nine.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred nine, requiring the denial of such allegations.

### **"Donald Long"**

63.     These Defendants admit that Ms. Hettrick, Linda Holt and Mona Hughes were murdered in Colorado in the late 1980s, to the extent alleged by Complaint paragraph one hundred ten.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred ten, requiring the denial of such allegations.

64.     These Defendants admit an individual named Donald Long admitted to murdering Linda Holt and Mona Hughes, to the extent alleged by Complaint paragraph one hundred eleven.

65.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred twelve, one hundred thirteen, one hundred fourteen, and one hundred fifteen, requiring the denial of such allegations.

66.     These Defendants deny that Defendant Reed was ever under any obligation or failed to fulfill any obligation of any kind respecting Donald Long, to any extent alleged by Complaint paragraph one hundred sixteen.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred sixteen, requiring the denial of such allegations.

67.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred seventeen and one hundred eighteen, requiring the denial of such allegations.

### "1988 Surveillance"

68.     These Defendants deny that Defendant Reed ever developed or pursued any theory related to the mother of Plaintiff Masters, to any extent alleged by Complaint paragraph one hundred nineteen.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred nineteen, requiring the denial of such allegations.

69.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred twenty, one hundred twenty one, and one hundred twenty two, requiring the denial of such allegations.

70.     These Defendants admit that Plaintiff Masters was under police surveillance during some time periods in or about 1988, to the extent alleged by Complaint paragraph one hundred twenty three.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred twenty three, requiring the denial of such allegations.

71.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred twenty four, requiring the denial of such allegations.   In addition, these Defendants object to any attempt to state the content of any writing in connection with the assertion of any such allegations, as such content may only be established through the writing itself.

72.     These Defendants deny the allegations of Complaint paragraph one hundred twenty five to any extent that such allegations pertain to any behavior of Defendant Reed.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred twenty five, requiring the denial of such allegations.  These Defendants also object to any attempt to state the content of any writing in connection with the assertion of any such allegations, as such content may only be established through the writing itself.

73.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred twenty-six and one hundred twenty-seven, requiring the denial of such allegations.

74.     These Defendants deny the allegations of Complaint paragraph one hundred twenty-eight, one hundred twenty-nine and one hundred thirty, with respect to any allegations related to the behavior of Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred twenty-eight, one hundred twenty-nine and one hundred thirty, requiring the denial of such allegations.

### "Manufactured Evidence"

75.     These Defendants deny every aspect of Complaint paragraph one hundred thirty-one, to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred thirty-one, requiring the denial of such allegations.

**"Blood Spatter"**

76.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred thirty-two, one hundred thirty-three, one hundred thirty-four and one hundred thirty-five, requiring the denial of such allegations.

77.     These Defendants deny every aspect of Complaint paragraph one hundred thirty-six to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred thirty-ix, requiring the denial of such allegations.

78.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred thirty-seven and one hundred thirty-eight, requiring the denial of such allegations.

**"Shoe Print Evidence"**

79.     These Defendants deny every aspect of Complaint paragraph one hundred thirty-nine to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred thirty-nine, requiring the denial of such allegations.

80.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations found in Complaint paragraph one hundred forty, one hundred forty-one and one hundred forty-two, requiring the denial of all such allegations.

81.     These Defendants deny every aspect of Complaint paragraphs one hundred forty-three and one hundred forty-four to any extent such allegations are directed at Defendant Reed. In all other respects, these Defendants lack sufficient knowledge or information to form a belief

as to the allegations of Complaint paragraphs one hundred forty-three and one hundred forty-four, requiring the denial of such allegations.

82.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred forty-five, one hundred forty-six, one hundred forty-seven and one hundred forty-eight, requiring the denial of such allegations.   These Defendants also object to any attempt to state the content of any writing in connection with the assertion of any such allegations, as such content may only be established through the writing itself.

### "Dr. Meloy's Opinion"

83.    These Defendants deny every aspect of Complaint paragraphs one hundred forty-nine, one hundred fifty, one hundred fifty-one, and one hundred fifty-two to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred forty-nine, one hundred fifty, one hundred fifty-one and one hundred fifty-two, requiring the denial of such allegations.

84.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred fifty-three, one hundred fifty-four, and one hundred fifty-five, requiring the denial of such allegations.

85.    These Defendants deny every aspect of Complaint paragraphs one hundred fifty-six to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred fifty-six, requiring the denial of such allegations.

## **"Destruction of Fingerprints and Hairs"**

86.     These Defendants deny every aspect of Complaint paragraphs one hundred fifty-seven, one hundred fifty-eight, one hundred fifty-nine and one hundred sixty to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred fifty-seven, one hundred fifty-eight, one hundred fifty-nine and one hundred sixty, requiring the denial of such allegations.

## **"False Statements"**

87.     These Defendants admit that Defendant Reed may have provided input to Defendant Broderick respecting an arrest warrant, to the extent alleged in Complaint paragraph one hundred sixty-two.  In all other respects, these Defendants deny every aspect of Complaint paragraphs one hundred sixty-one, one hundred sixty-two, one hundred sixty-three, one hundred sixty-four, one hundred sixty-five, and one hundred sixty-six, to any extent such allegations are directed at Defendant Reed.   In addition, these Defendants lack sufficient knowledge or information to form a belief as to any other allegations of Complaint paragraphs one hundred sixty-one, one hundred sixty-two, one hundred sixty-three, one hundred sixty-four, one hundred sixty-five and one hundred sixty-six, requiring the denial of such allegations.

88.     These Defendants deny every aspect of Complaint paragraphs one hundred sixty - seven to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred sixty-seven, requiring the denial of such allegations.

89.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred sixty-eight, one hundred sixty-nine, and one hundred seventy, requiring the denial of such allegations.

90.     These Defendants deny every aspect of Complaint paragraph one hundred seventy-one to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred seventy-one and one hundred seventy-two, requiring the denial of such allegations.

### **"Hearing Statements"**

91.     These Defendants deny every aspect of Complaint paragraph one hundred seventy-seven to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred seventy-three, one hundred seventy-four, one hundred seventy-five, one hundred seventy-six, one hundred seventy-seven, and one hundred seventy-eight, requiring the denial of such allegations.

### **"Exculpatory Evidence"**

92.     These Defendants deny every aspect of Complaint paragraphs one hundred seventy-nine and one hundred eighty to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred seventy-nine, one hundred eighty, and one hundred eighty-one (including subparagraphs a through k), requiring the denial of such allegations.

**Post-Conviction**

93.     These Defendants deny every aspect of Complaint paragraph one hundred eighty-four to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred eighty-two, one hundred eighty-three, one hundred eighty-four, one hundred eighty-five, one hundred eighty-six, one hundred eighty-seven, and one hundred eighty-eight, requiring the denial of all such allegations.

**"DNA"**

94.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred eighty-nine, one hundred ninety, one hundred ninety-one, one hundred ninety-two, one hundred ninety-three and one hundred ninety-four, requiring the denial of all such allegations.

**"Roy Hazelwood"**

95.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred ninety-five, one hundred ninety-six, one hundred ninety-seven, and one hundred ninety-eight, requiring the denial of all such allegations.

**"Hammond Evidence"**

96.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred ninety-nine, two hundred, two hundred one, two hundred two and two hundred three, requiring the denial of all such allegations.

97.     These Defendants deny every aspect of Complaint paragraph two hundred four and two hundred five to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred four, two hundred five, and two hundred six, requiring the denial of all such allegations.

### **"FBI Profile"**

98.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations found in Complaint paragraphs two hundred seven, two hundred eight, two hundred nine, and two hundred ten, requiring the denial of all such allegations.

### **"Office of Attorney Regulation"**

99.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred eleven, requiring the denial of all such allegations.

100.     These Defendants deny every aspect of Complaint paragraph two hundred twelve and two hundred fifteen to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred twelve, two hundred thirteen, two hundred fourteen, two hundred fifteen, and two hundred sixteen, requiring the denial of all such allegations.

**"Fort Collins Practices"**

101.    These Defendants deny every aspect of Complaint paragraphs two hundred seventeen, two hundred eighteen, two hundred nineteen, two hundred twenty, two hundred twenty-one, and two hundred twenty-two.

**"Eighth Judicial District Practices"**

102.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred twenty-three, two hundred twenty-four, two hundred twenty-five, two hundred twenty-six, two hundred twenty-seven, two hundred twenty-eight, two hundred twenty-nine and two hundred thirty, requiring the denial of all such allegations.

**First Claim for Relief**

103.    These Defendants respond to the allegations of Complaint paragraph two hundred thirty-one in the same manner that they responded in connection with all preceding paragraphs of the Complaint, incorporating such responses as though set out here in full.

104.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred thirty-two, in particular because that paragraph appears intended to state an objectionable legal conclusion, requiring the denial of all such allegations.

105.    These Defendants deny the allegations of Complaint paragraphs two hundred thirty-three, two hundred thirty-four, and two hundred thirty-five.

106.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred thirty-six and two hundred thirty-seven, requiring the denial of all such allegations.

107.    These Defendants deny the allegations of Complaint paragraphs two hundred thirty eight, two hundred thirty nine, two hundred forty, two hundred forty one, and two hundred forty two, to the extent that such allegations are asserted against Defendant Harrison.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred thirty-eight, two hundred thirty-nine, two hundred forty, two hundred forty-one, and two hundred forty-two, requiring the denial of all such allegations.

108.    These Defendants deny the allegations of Complaint paragraphs two hundred forty-three, to the extent that such allegations are asserted against Defendant Harrison.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred forty-three, requiring the denial of all such allegations.

109.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred forty-four, particularly because such allegations appear to attempt a statement of a legal conclusion, requiring the denial of all such allegations.

110.    These Defendants deny the allegations of Complaint paragraph two hundred forty-five.

111.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred forty-six, requiring the denial of all such allegations.

112.     These Defendants deny the allegations of Complaint paragraph two hundred forty-seven.

## Second Claim for Relief

113.     These Defendants respond to the allegations of Complaint paragraph two hundred forty-eight in the same manner that they responded in connection with all preceding paragraphs of the Complaint, incorporating such responses as though set out here in full.

114.      These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred forty-nine, in particular because that paragraph appears intended to state an objectionable legal conclusion, requiring the denial of all such allegations.

115.     These Defendants admit that Defendant Reed conversed with Dr. Christopher Tsoi to the extent alleged by Complaint paragraph two hundred fifty-one.  In all other respects, these Defendants deny the allegations of Complaint paragraphs two hundred fifty, two hundred fifty-one, two hundred fifty-two, two hundred fifty-three, two hundred fifty-four, two hundred fifty-five, two hundred fifty-six, and two hundred fifty-seven.

116.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred fifty-eight, requiring the denial of all such allegations.

117.     These Defendants deny the allegations of Complaint paragraphs two hundred fifty nine, two hundred sixty, two hundred sixty-one, two hundred sixty-two, two hundred sixty-three and two hundred sixty-four, to any extent that such allegations are asserted against Defendant Harrison.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred fifty-nine, two hundred sixty, two hundred sixty-one, two hundred sixty-two, two hundred sixty-three and two hundred sixty-four, requiring the denial of all such allegations.

118.     These Defendants deny the allegations of Complaint paragraph two hundred sixty-five.

### Third Claim for Relief

119.     These Defendants respond to the allegations of Complaint paragraph two hundred sixty-six in the same manner that they responded in connection with all preceding paragraphs of the Complaint, incorporating such responses as though set out here in full.

120.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph two hundred sixty-seven, in particular because that paragraph appears intended to state an objectionable legal conclusion, requiring the denial of all such allegations.

121.     These Defendants deny the allegations of Complaint paragraphs two hundred sixty-eight, two hundred sixty-nine, and two hundred seventy, to any extent that such allegations are asserted against Defendant Reed.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two

hundred sixty-eight, two hundred sixty-nine, and two hundred seventy, requiring the denial of all such allegations.

122.    These Defendants deny the allegations of Complaint paragraphs two hundred seventy-three to any extent that such allegations are asserted against Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred seventy-one, two hundred seventy-two, two hundred seventy-three and two hundred seventy-four, requiring the denial of all such allegations.

123.    These Defendants deny the allegations of Complaint paragraphs two hundred seventy-five and two hundred seventy-six, to any extent that such allegations are asserted against Defendant Reed.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred seventy-five and two hundred seventy-six, requiring the denial of all such allegations.

124.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph two hundred seventy-seven, requiring the denial of all such allegations.

125.    These Defendants deny the allegations of Complaint paragraphs two hundred seventy-eight, two hundred seventy-nine, two hundred eighty, two hundred eighty-one, and two hundred eighty-two, to any extent that such allegations are asserted against Defendant Harrison. In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred seventy-eight, two hundred seventy-

nine, two hundred eighty, two hundred eighty-one, and two hundred eighty-two, requiring the denial of all such allegations.

126.     These Defendants deny the allegations of Complaint paragraphs two hundred eighty-three and two hundred eighty-four.

### **"Fourth Claim for Relief"**

127.     These Defendants respond to the allegations of Complaint paragraph two hundred eighty-five in the same manner that they responded in connection with all preceding paragraphs of the Complaint, incorporating such responses as though set out here in full.

128.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph two hundred eighty-six, in particular because that paragraph appears intended to state an objectionable legal conclusion, requiring the denial of all such allegations.

129.     These Defendants deny the allegations of Complaint paragraph two hundred eighty-seven.

130.     These Defendants deny the allegations of Complaint paragraphs two hundred eighty-eight and two hundred eighty-ine, to any extent that such allegations are asserted against Defendant Reed.    In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred eighty-eight, and two hundred eighty-nine, requiring the denial of all such allegations.

131.     These Defendants deny the allegations of Complaint paragraphs two hundred ninety, two hundred ninety-one, two hundred ninety-two, two hundred ninety-three and two hundred ninety-four, to any extent that such allegations are asserted against Defendant Harrison.

In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred ninety, two hundred ninety-one, two hundred ninety-two, two hundred ninety-three and two hundred ninety-four, requiring the denial of all such allegations.

132.    These Defendants deny the allegations of Complaint paragraphs two hundred ninety-five and two hundred ninety-six.

### **"Fifth Claim for Relief"**

133.    These Defendants respond to the allegations of Complaint paragraph two hundred ninety-seven in the same manner that they responded in connection with all preceding paragraphs of the Complaint, incorporating such responses as though set out here in full.

134.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph two hundred ninety-eight, in particular because that paragraph appears intended to state an objectionable legal conclusion, requiring the denial of all such allegations.

135.    These Defendants deny the allegations of Complaint paragraphs two hundred ninety-nine, three hundred, three hundred one, and three hundred two.

136.    These Defendants deny the allegations of Complaint paragraphs three hundred three, three hundred four, three hundred five, three hundred six and three hundred seven to any extent such allegations are asserted against Defendant Harrison.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs three hundred three, three hundred four, three hundred five, three hundred six and three hundred seven, requiring that such allegations be denied.

137.    These Defendants deny the allegations of Complaint paragraphs three hundred eight and three hundred nine.

### **"Sixth Claim for Relief"**

138.    These Defendants respond to the allegations of Complaint paragraph three hundred ten in the same manner that they responded in connection with all preceding paragraphs of the Complaint, incorporating such responses as though set out here in full.

139.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph three hundred eleven, in particular because that paragraph appears intended to state an objectionable legal conclusion, requiring the denial of all such allegations.

140.    These Defendants deny the allegations of Complaint paragraphs three hundred twelve and three hundred thirteen.

141.    These Defendants deny the allegations of Complaint paragraphs three hundred fourteen, three hundred fifteen, three hundred sixteen, three hundred seventeen and three hundred eighteen to any extent such allegations are asserted against Defendant Harrison.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs three hundred fourteen, three hundred fifteen, three hundred sixteen, three hundred seventeen and three hundred eighteen, requiring that such allegations be denied.

142.    These Defendants deny the allegations of Complaint paragraphs three hundred nineteen, three hundred twenty and three hundred twenty-one.

## **"Seventh Claim for Relief"**

143.    These Defendants respond to the allegations of Complaint paragraph three hundred twenty-two in the same manner that they responded in connection with all preceding paragraphs of the Complaint, incorporating such responses as though set out here in full.

144.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph three hundred twenty-three, in particular because that paragraph appears intended to state an objectionable legal conclusion, requiring the denial of all such allegations.

145.    These Defendants deny the allegations of Complaint paragraphs three hundred twenty-four, three hundred twenty-five, three hundred twenty-six, and three hundred twenty-seven to any extent such allegations are asserted against Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs three hundred twenty-four, three hundred twenty-five, three hundred twenty-six, and three hundred twenty-seven, requiring that such allegations be denied.

146.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs three hundred twenty-eight and three hundred twenty-nine, requiring that such allegations be denied.

147.    These Defendants deny the allegations of Complaint paragraph three hundred thirty to any extent such allegations are asserted against Defendant Harrison.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph three hundred thirty, requiring that such allegations be denied.

148.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph three hundred thirty-one, requiring that such allegations be denied.

149.     These Defendants deny all allegations of the Complaint following the word WHEREFORE on page eighty-one of the Complaint.  These Defendants also deny Plaintiff's entitlement to any of the Damages sought or requested in the Plaintiff's Complaint.

## GENERAL DENIAL

These Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted in this Answer.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim as to which any relief may be granted against any Defendant.

2.     All or part of Plaintiff's claims never achieve the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983 or otherwise.

3.     No claim pursuant to 42 U.S.C. § 1983 may be grounded in any theory of *respondeat superior* or vicarious liability respecting any Defendant.

4.     Plaintiff was afforded all the rights, privileges and immunities guaranteed by the Constitution in connection with his criminal prosecution and conviction and no constitutionally protected interest was impugned in relation to any claim of Plaintiff respecting any well-settled liberty or property interest.  Plaintiff was provided with due process of law in every respect in regard to his prosecution and conviction.

5.      To any extent the Court concludes any individual Defendant acted under color of state law with respect to Plaintiff, each such individual Defendant is entitled to absolute immunity, qualified immunity or both such immunities with respect to any 42 U.S.C. § 1983 or other claim alleged against them.

6.      Plaintiff's attempt to express any claim for exemplary damages against any Defendant in their individual, or any other capacities are barred, reduced, or in the alternative, are unconstitutional and would violate their rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and Article II, Section 25 of the Colorado Constitution.   No claim for exemplary or punitive damages of any nature may be pursued against any public entity.

7.      Plaintiff's claims against any individual Defendant are barred, in whole or in part, by the failure of personal participation on the part of the individual Defendants.  In addition, any claim against an individual in any "official" capacity is duplicative of any such claim against a public entity, negating any such claim.

8.      On information and belief, Plaintiff failed to mitigate his damages, if any.

9.      On information and belief, some or all of Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by these Defendants, nor proximately caused by or related to any act or omission of these Defendants.

10.      At all times pertinent herein, these Defendants acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause Plaintiff harm.  Defendants also lacked the requisite intent to establish any claim against them in this matter.  Defendants also possess or possessed a reasonable good faith belief in the lawfulness of

all their conduct. No individual Defendant owed any legal duty to Plaintiff at any time concerning the subject matter of the Plaintiff's allegations in this lawsuit.

11.     Plaintiff's injuries and damages, if any, in whole or in part, were proximately caused by his own acts or omissions, either independent of or in combination with or through the acts or omissions of third parties, over whom Defendants possessed no ability to control or right of control.

12.     In all respects, the Defendants behaved in accordance with applicable legal authority in all actions or inactions associated with the Plaintiff, negating any claim of liability asserted by the Plaintiff against them.

13.     On information and belief, Plaintiff's alleged damages, if any, are subject to offset by virtue of amounts received from other sources.

14.     No custom, practice or policy of the City of Fort Collins, or Dennis V. Harrison as the Chief of Police of the City of Fort Collins, caused or contributed in any way to any alleged violation of constitutional rights asserted by the Plaintiff.

15.     Plaintiff is not entitled to the relief being sought or claimed in the Complaint under any of the legal theories asserted therein.

16.     All actions of the City of Fort Collins associated with this matter are supported by evidence in the record and the City of Fort Collins properly applied the law. All actions of these Defendants were taken in accordance with all legal requirements.

17.   Plaintiff's claims in this matter are barred or otherwise restricted by the applicable statute of limitation, statute of repose, or both.

18.     On information and belief, some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, failure to exhaust administrative remedies, and failure to provide timely notice.

19.     To any extent Plaintiff attempts any claim under state law, any such claim is barred, limited and otherwise controlled by Colorado law, including the Colorado Governmental Immunity Act, C.R.S. §24-10-101, et. seq.

20.     These Defendants incorporate by this reference all applicable affirmative defenses and defenses asserted by any other Defendant in this action.

21.     These Defendants specifically reserve the right to amend their Answer to include additional defenses and affirmative defenses, or delete defenses and affirmative defenses that become non-applicable upon completion of additional discovery.

WHEREFORE, having answered all allegations of the Plaintiff's Complaint that require a response, Defendants City of Fort Collins, Dennis Harrison and Marsha Reed move the Court for an Order dismissing all elements of all claims against them in complete and total fashion, awarding them costs and attorneys fees, and ordering such other and further relief as to the Court appears proper.

## JURY DEMAND

These Defendants hereby request a trial by jury pursuant to Fed. R. Civ. P. 38 on all

issues so triable.

     DATED this 19th day of January 2009.

                                        Respectfully Submitted,


                                        s/Thomas J. Lyons
                                        Thomas J. Lyons, Esq.
                                        Andrew D. Ringel, Esq.
                                        Katherine M.L. Pratt, Esq.
                                        HALL & EVANS, L.L.C.
                                        1125 17th Street, Suite 600
                                        Denver, Colorado 80202
                                        Phone: (303) 628-3300;
                                        Fax:    (303) 293-3238
                                        lyonst@hallevans.com
                                        ringela@hallevans.com
                                        prattk@hallevans.com
                                        **ATTORNEYS FOR DEFENDANTS**
                                        **CITY OF FORT COLLINS,**
                                        **DENNIS V. HARRISON and**
                                        **MARSHA REED**


**Defendants' Address:**

300 LaPorte Ave.
Fort Collins, CO 80522-0580

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on this 19th day of January 2009, I electronically filed the foregoing **ANSWER FROM DEFENDANTS CITY OF FORT COLLINS, DENNIS V. HARRISON and MARSHA REED** with the Clerk of Court using the CM/EFC system which will send notification of such filing to the following e-mail addresses:

**Counsel for Plaintiff:**
David A. Lane, Esq.
Sara J. Rich, Esq.
Althea S. Licht, Esq.
Killmer, Lane & Newman, L.L.P.
dlane@killmerlane.com
srich@killmerlane.com
alicht@killmerlane.com

Rebecca T. Wallace, Esq.
rtwallace@kln-law.com

David Wymore, Esq.,
dwymore26@comcast.net

Maria Liu, Esq.
maria@cotriallaw.com

**Counsel for Jolene Blair:**
Craig Lewis Truman, Esq.
craig@cltrumanlaw.com

Kevin J. Kuhn, Esq.
Sean T. Olson, Esq.
Marsha M. Piccone, Esq.
LaMar F. Jost, Esq.
Wheeler, Trigg, Kennedy, L.L.P.
kuhn@wtklaw.com
olson@wtklaw.com
piccone@wtklaw.com

**Counsel for Gilmore:**
Josh A. Marks, Esq.
Jon N. Banashek, Esq.
jam@bhgrlaw.com
jnb@bhgrlaw.com

**Counsel for James Broderick:**
Patrick D. Tooley, Esq.
Thomas M. Dunn, Esq.
Dill, Dill, Carr, Stonbraker & Hutchings, P.C.
pdtooley@dillanddill.com
tdunn@dillanddill.com


**Counsel for Defs VanMeveren, Abrahamson & Eighth Judicial District of
  Colorado**
George Hass, Esq.
Jeannine S. Haag, Esq.
William G. Ressue, Esq.
Harden, Hass, Haag & Hallberg, P.C.
P.O. Box 1606
Ft. Collins, CO  80522
george@hshh.com
jeannine@hshh.com
william@hshh.com

s/ Marlene Wilson, Secretary to
Thomas J. Lyons, Esq.
Andrew D. Ringel, Esq.
Katherine M. Pratt, Esq.
HALL & EVANS, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, Colorado 80202-2052
Phone: (303) 628-3300
Fax:    (303) 293-3368
lyonst@hallevans.com
ringela@hallevans.com
prattk@hallevans.com

**ATTORNEYS FOR DEFENDANTS
CITY OF FORT COLLINS, MARSHA
REED, and DENNIS HARRISON**