IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 08-CV-02278-LTB-MJW

TIMOTHY MASTERS,

      Plaintiff,

v.

TERRENCE A. GILMORE, former Deputy District Attorney of the Eighth Judicial District, in
      his individual and official capacities;
JOLENE C. BLAIR, former Deputy District Attorney of the Eighth Judicial District, in her
      individual and official capacities;
JAMES BRODERICK, Lieutenant in the Fort Collins Police Department, in his individual and
      official capacities;
MARSHA REED, former Detective in the Fort Collins Police Department, in her individual and
      official capacities;
DENNIS V. HARRISON, Chief of the Fort Collins Police Department, in his individual and
      official capacities;
CITY OF FORT COLLINS, a municipality;
STUART VANMEVEREN, a former District Attorney of the Eighth Judicial District, in his
      individual and official capacities;
LARRY ABRAHAMSON, District Attorney of the Eighth Judicial District, in his official
      capacity; and
EIGHTH JUDICIAL DISTRICT OF COLORADO, a political subdivision of the State of
Colorado,
BOARD OF COUNTY COMMISSIONERS OF LARIMER COUNTY, a political subdivision
of the State of Colorado,
LARIMER COUNTY, a county,

      Defendants.

---

## ANSWER TO AMENDED COMPLAINT FROM
## DEFENDANTS CITY OF FORT COLLINS, DENNIS V. HARRISON
## AND MARSHA REED, AND DEMAND FOR JURY TRIAL

---

      Defendants, the City of Fort Collins, Colorado, Dennis V. Harrison and Marsha Reed

("Defendants"), by and through their counsel, Thomas J. Lyons, Esq., Andrew D. Ringel, Esq.

and Katherine M.L. Pratt, Esq., of Hall & Evans, L.L.C., hereby submit their Answer to the Plaintiff's Amended Complaint and Demand for Jury Trial, as follows:

## **INTRODUCTION**[1]

1.      These Defendants object to all elements of the Plaintiff's Amended Complaint herein that reflect or constitute any effort to state a legal opinion or conclusion, as well as to state an argument on behalf of Plaintiff.  This objection pertains to the Introduction allegations in Plaintiff's Amended Complaint, as well as to multiple other paragraphs where Plaintiff attempts to assert legal conclusions, arguments and opinions.  In addition, these Defendants object to the Amended Complaint's effort to characterize actual documents, including those that document events, such as the various court records involving Plaintiff's criminal conviction, appeal and post-appeal proceedings.  These Defendants state that all such documents, in their entirety, speak for themselves and any effort by the Plaintiff to characterize or interpret such documents in the course of stating an Amended Complaint is objectionable.  Defendants also object to the Amended Complaint because it is inconsistent with the short and plain statement requirements of Fed. R. Civ. P. 8(a).  Wherever these Defendants are able to respond to Amended Complaint allegations despite the inclusion of such objectionable components, such responses are set out without waiver of any such objection.  These Defendants also state that they lack sufficient knowledge or information to form a belief as to the allegations found in the first two paragraphs of that part of the Amended Complaint identified as an Introduction by Plaintiff, requiring that

---

[1] Repeating subtitles and titles used in Plaintiff's Amended Complaint in this Answer is done to identify the demarcations provided by Plaintiff in the Amended Complaint only and in no way intended to adopt or admit any allegation of Plaintiff respecting any aspect or element of this matter.

all such allegations be denied.  In all other respects, these Defendants deny the allegations found in the Introduction section of the Amended Complaint.

## JURISDICTION AND VENUE

2.      These Defendants admit that this Court possesses subject matter jurisdiction to consider matters that arise under federal statute and the United States Constitution, to the extent alleged by paragraph one of the Amended Complaint herein.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations found in that numbered paragraph, requiring that such allegations be deemed denied.

3.      These Defendants admit the allegations of paragraph two of Plaintiff's Amended Complaint.

## PARTIES

4.      These Defendants lack sufficient knowledge or information to form a belief as to the citizenship or residence of Plaintiff, requiring the denial of the allegations in paragraph three of the Amended Complaint.

5.      These Defendants admit that Terence A. Gilmore and Jolen C. Blair were once employed as Deputy District Attorneys in Colorado's Eighth Judicial District to the extent alleged by Complaint paragraphs four and five.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs four and five, requiring the denial of such allegations.

6.      These Defendants admit that James Broderick is an employee of the Fort Collins Police Department and that he was involved in an investigation into the murder of an individual

named Peggy Hettrick, to the extent alleged in Amended Complaint paragraph six.  In all other respects, the allegations of Amended Complaint paragraph six are denied.

7.      These Defendants admit that Marsha Reed was an employee of the Fort Collins Police Department and that she was involved in an investigation into the murder of an individual named Peggy Hettrick, to the extent alleged in Amended Complaint paragraph seven.  In all other respects, the allegations of Complaint paragraph seven are denied.

8.      These Defendants admit that Dennis V. Harrison is an employee of the Fort Collins Police Department who became the Chief of Police in 1997, to the extent alleged in Amended Complaint paragraph eight.  In all other respects, the allegations of Amended Complaint paragraph eight are denied.

9.      These Defendants admit that the City of Fort Collins is a municipal entity in Colorado, to the extent alleged by the Amended Complaint in paragraph nine.  In all other respects, the allegations of Amended Complaint paragraph nine are denied.

10.     These Defendants admit that Stuart VanMeveren was once the elected District Attorney in Colorado's Eight Judicial District, to the extend alleged by Amended Complaint paragraph ten.  In all other respects, the allegations of Amended Complaint paragraph ten are denied.

11.     These Defendants admit that Larry Abrahamson is the current elected District Attorney in Colorado's Eight Judicial District, to the extend alleged by Amended Complaint paragraph eleven.  In all other respects, the allegations of Amended Complaint paragraph eleven are denied.

12.     These Defendants admit that the Eight Judicial District exists in Colorado pursuant to provisions of Colorado law, to the extent alleged by Amended Complaint paragraph twelve.   In all other respects, the allegations of Amended Complaint paragraph twelve are denied.

13.     These Defendants admit that the Board of County Commissioners of Larimer County, Colorado exists in Colorado pursuant to provisions of Colorado law, to the extent alleged by Amended Complaint paragraphs thirteen and fourteen.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs thirteen and fourteen, requiring the denial of such allegations.

14.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph fifteen, requiring the denial of such allegations. Such allegations also appear to constitute an objectionable effort to assert a legal conclusion or opinion, rather that any facts.

## FACTUAL BACKGROUND

### Overview

15.     These Defendants admit that the body of a female known as Peggy Hettrick was discovered in Fort Collins, Colorado on or about February 11, 1987, to the extent alleged in Amended Complaint paragraph sixteen.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph sixteen, requiring the denial of such allegations.

16.     These Defendants admit that Plaintiff Timothy Masters was questioned in relation to the demise of Ms. Hettrick and that a thorough search of the area where the body was

discovered occurred, to the extent alleged by Amended Complaint paragraph seventeen.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph seventeen, requiring the denial of such allegations.

17.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs eighteen, nineteen and twenty, requiring the denial of all such allegations.

18.     These Defendants deny the allegations of Amended Complaint paragraph twenty-one.

19.     These Defendants admit that individuals named of Roy Hazelwood and Dr. Reid Maloy were involved to some extent in the analysis of the Peggy Hettrick matter, as well as that Plaintiff was arrested in 1998 in California, to the extent alleged by Amended Complaint paragraph twenty-two.  In all other respects, the allegations of Amended Complaint paragraph twenty-two are denied.

20.     These Defendants admit that Plaintiff Masters was charged with murder and convicted, with that conviction upheld on appeal, to the extent alleged by Amended Complaint paragraph twenty-three.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph twenty-three, requiring the denial of such allegations.

21.     These Defendants admit that Plaintiff Masters secured a court order vacating his conviction in 2008, to the extent alleged by Amended Complaint paragraph twenty-four.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to

the allegations of Amended Complaint paragraph twenty-four, requiring the denial of such allegations.

22.     These Defendants deny the allegations of Amended Complaint paragraph twenty-five.

23.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph twenty-six and twenty-seven, requiring the denial of such allegations.

## **Investigation**

24.     These Defendants admit that Ms. Hettrick was stabbed and that blood loss was involved in her death, to the extent alleged by These Defendants admit that Plaintiff Masters secured a court order vacating his conviction in 2008, to the extent alleged by Amended Complaint paragraph twenty-eight.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph twenty-eight, requiring the denial of such allegations.

25.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs twenty-nine and thirty, requiring the denial of such allegations.

26.     These Defendants deny the allegations of Amended Complaint paragraph thirty-one.

27.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs thirty-two and thirty-three, requiring the denial of such allegations.

28.     These Defendants admit that an arrest warrant for Plaintiff Masters was obtained in or about 1992, to the extent alleged in Amended Complaint paragraph thirty-four.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph thirty-four, requiring the denial of such allegations.

29.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph thirty-five, requiring the denial of such allegations.

30.     These Defendants admit that Defendant Jim Broderick and Defendant Marsha Reed served as investigators during some interval in relation to the investigation into the death of Ms. Hettrick prior to the arrest of Plaintiff Masters, to the extent alleged by Amended Complaint paragraph thirty-six.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph thirty-six.

31.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph thirty-seven, requiring the denial of such allegations.

32.     These Defendants admit that an arrest warrant for Plaintiff Masters was obtained in or about 1998, to the extent alleged by Amended Complaint paragraph thirty-eight.  In all other respects, the allegations of Amended Complaint thirty-eight are denied.

33.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph thirty-nine, requiring the denial of such allegations.

34.     These Defendants admit Plaintiff was arrested in August 1998 and charged with the murder of Peggy Hettrick to the extent alleged in Amended Complaint paragraph forty.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph forty, requiring the denial of such allegations.

35.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph forty-one, requiring the denial of such allegations.

## **Trial**

36.     These Defendants admit that Plaintiff Masters was tried for murder to the extent alleged in Amended Complaint paragraph forty-two.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph forty-two, requiring the denial of such allegations.

37.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs forty-three, forty-four, forty-five, forty-six and forty-seven, requiring the denial of such allegations.

38.     These Defendants admit the allegations of Amended Complaint paragraph forty-eight.

## **Post-Conviction**

39.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph forty-nine, requiring the denial of such allegations.

40.     These Defendants deny the allegations of Amended Complaint paragraph fifty.

41.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs fifty-one and fifty-two, requiring the denial of such allegations.

42.     These Defendants deny the allegations of Amended Complaint paragraph fifty-three.

43.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs fifty-four and fifty-five, requiring the denial of such allegations.

44.     These Defendants admit that Plaintiff Masters was released from prison in 2008, to the extent alleged in Amended Complaint paragraph fifty-six.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs fifty-six, requiring the denial of such allegations.

45.     These Defendants admit that the Attorney Regulation Counsel of the Colorado Supreme Court investigated and reviewed licensed attorneys in connection with the conviction of Plaintiff Masters, to the extent alleged by Amended Complaint paragraph fifty-seven.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph fifty-seven, requiring the denial of such allegations.

## Purported Actions

46.     These Defendants deny the allegations of Amended Complaint paragraph fifty-eight.

47.     These Defendants deny all allegations pertaining to Defendants Broderick, Reed and Harrison found in Amended Complaint paragraph fifty-nine.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph fifty-nine, requiring the denial of such allegations.

48.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph sixty, requiring the denial of such allegations.

49.     These Defendants deny all allegations pertaining to Defendants Broderick, Reed and Harrison found in Amended Complaint paragraph sixty-one.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph sixty-one, requiring the denial of such allegations.

### "Dr. Tsoi"

50.     These Defendants admit that Dr. Reid Malloy suggested conferring with a physician respecting the wounds inflicted on Ms. Hettrick, to the extent alleged by Amended Complaint paragraph sixty-two.   In all other respects, these Defendant lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph sixty-two, requiring the denial of such allegations.

51.     These Defendants admit that Marsha Reed conferred by telephone with Dr. Christopher Tsoi respecting wounds inflicted on Ms. Hettrick and sent him information respecting such wounds, to the extent alleged by Amended Complaint paragraph sixty-three.   In all other respects, the allegations of Amended Complaint paragraph sixty-three are denied.

52.     These Defendants deny the allegations of Amended Complaint paragraph sixty-four.

53.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs sixty-five, sixty-six, sixty-seven, and sixty-eight, requiring the denial of such allegations.

54.     These Defendants deny the allegations of Amended Complaint paragraphs sixty-nine, seventy, and seventy-one.

**"Knife Expert"**

55.      These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs seventy-two, seventy-three, seventy-four and seventy-five, requiring the denial of such allegations.

56.     These Defendants deny the allegations of Amended Complaint paragraphs seventy-six seventy-seven and seventy-eight, to the extent such allegations relate to Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs seventy-six seventy-seven and seventy-eight, requiring the denial of such allegations.

**"Alternative Suspects"**

57.     These Defendants deny the allegations of Amended Complaint paragraphs seventy-nine and eighty.

**Dr. Hammond**

58.     These Defendants admit that a Dr. Richard Hammond lived near the location where Ms. Hettrick's body was discovered in 1987, to the extent alleged by Amended Complaint paragraph eighty-one.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph eighty-one.

59.     These Defendants admit that Dr. Hammond was arrested in connection with videotaping discovered in his home in or about 1995, to the extent alleged in Amended Complaint paragraph eighty-two.    In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph eighty-two, requiring the denial of such allegations.

60.     These Defendants admit that the Fort Collins Police Department seized evidence in connection with the investigation of Dr. Hammond's behavior to the extent alleged by Amended Complaint paragraph eighty-three.    In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph eighty-three, requiring the denial of such allegations.

61.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs eighty-four, eighty-five, eighty-six, eighty-seven, eighty-eight, eighty-nine, ninety, ninety-one, ninety-two, ninety-three and ninety-four, requiring the denial of such allegations.

62.     These Defendants admit storage lockers rented in the name of a Dr. Hammond contained materials related to sexual matters, to the extent alleged in Amended Complaint paragraph ninety-five.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph ninety-five, requiring the denial of such allegations.

63.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs ninety-six, ninety-seven, ninety-eight, ninety-nine, one hundred, one hundred one, one hundred two, one hundred three, one hundred four, one hundred five, one hundred six, and one hundred seven requiring the denial of such allegations. These defendants also object to any attempt to state the content of any writing in connection with the assertion of any such allegations, as such content may only be established through the writing itself.

64.     These Defendants deny that anyone urged Defendant Reed to consider Dr. Hammond a suspect in the Hettrick murder, to the extent alleged in Amended Complaint paragraph one hundred eight.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred eight, requiring the denial of such allegations.

65.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred nine, one hundred ten, one hundred eleven, and one hundred twelve, requiring the denial of such allegations.

66.     These Defendants deny any allegation involving Defendant Reed alleged in Amended Complaint paragraph one hundred thirteen.   In all other respects, these Defendants

lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred thirteen, requiring the denial of such allegations.

67.     These Defendants deny any allegation that the evidence associated with Dr. Hammond was not reviewed, to any extent alleged by Amended Complaint paragraph one hundred fourteen.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred fourteen, requiring the denial of such allegations.

68.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred fifteen, one hundred sixteen, one hundred seventeen, one hundred eighteen and one hundred nineteen, requiring the denial of all such allegations.

69.     These Defendants deny that Defendant Reed was ever under any obligation or failed to fulfill any obligation of any kind respecting Dr. Hammond, to any extent alleged by Amended Complaint paragraph one hundred twenty.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred twenty, requiring the denial of such allegations.

70.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraph one hundred twenty-one, requiring the denial of such allegations.

**"Donald Long"**

71.     These Defendants admit that Ms. Hettrick, Linda Holt and Mona Hughes were murdered in Colorado in the late 1980s, to the extent alleged by Amended Complaint paragraph one hundred twenty-two.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred twenty-two, requiring the denial of such allegations.

72.     These Defendants admit an individual named Donald Long admitted to murdering Linda Holt and Mona Hughes, to the extent alleged by Amended Complaint paragraph one hundred twenty-three.

73.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred twenty-four, one hundred twenty-five, one hundred twenty-six, and one hundred twenty-seven, requiring the denial of such allegations.

74.     These Defendants deny that Defendant Reed was ever under any obligation or failed to fulfill any obligation of any kind respecting Donald Long, to any extent alleged by Amended Complaint paragraph one hundred twenty-eight.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred twenty-eight, requiring the denial of such allegations.

75.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred twenty-nine and one hundred thirty, requiring the denial of such allegations.

### "1988 Surveillance"

76.     These Defendants deny that Defendant Reed ever developed or pursued any theory related to the mother of Plaintiff Masters, to any extent alleged by Amended Complaint paragraph one hundred thirty-one.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred thirty-one, requiring the denial of such allegations.

77.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred thirty-two, one hundred thirty-three and one hundred thirty-four, requiring the denial of such allegations.

78.     These Defendants admit Plaintiff Masters was under police surveillance during some time periods in or about 1988, to the extent alleged by Amended Complaint paragraph one hundred thirty-five.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred thirty-five, requiring the denial of such allegations.

79.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred thirty-six, requiring the denial of such allegations.   In addition, these Defendants object to any attempt to state the content of any writing in connection with the assertion of any such allegations, as such content may only be established through the writing itself.

80.     These Defendants deny the allegations of Amended Complaint paragraph one hundred thirty-seven to any extent that such allegations pertain to any behavior of Defendant Reed.    In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred thirty-seven, requiring the denial of such allegations.  These Defendants also object to any attempt to state the content of any writing in connection with the assertion of any such allegations, as such content may only be established through the writing itself.

81.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred thirty-eight and one hundred thirty-nine, requiring the denial of such allegations.

82.     These Defendants deny the allegations of Amended Complaint paragraph one hundred forty, one hundred forty-one and one hundred forty-two, with respect to any allegations related to the behavior of Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred forty, one hundred forty-one and one hundred forty-two, requiring the denial of such allegations.

## "<u>Manufactured Evidence</u>"

83.     These Defendants deny every aspect of Amended Complaint paragraphs one hundred forty-three and one hundred forty-four, to any extent such allegations are directed at these Defendants.    In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred forty-three and one hundred forty-four, requiring the denial of such allegations.

**"Blood Spatter"**

84.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred forty-five, one hundred forty-six, one hundred forty-seven and one hundred forty-eight, requiring the denial of such allegations.

85.     These Defendants deny every aspect of Amended Complaint paragraph one hundred forty-nine to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred forty-nine, requiring the denial of such allegations.

86.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred fifty and one hundred fifty-one, requiring the denial of such allegations.

**"Shoe Print Evidence"**

87.     These Defendants deny every aspect of Amended Complaint paragraph one hundred fifty-two to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred fifty-two, requiring the denial of such allegations.

88.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations found in Amended Complaint paragraph one hundred fifty-three, one hundred fifty-four and one hundred fifty-five, requiring the denial of all such allegations.

89.     These Defendants deny every aspect of Complaint paragraphs one hundred fifty-six and one hundred fifty-seven to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred fifty-six and one hundred fifty-seven, requiring the denial of such allegations.

90.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred fifty-eight, one hundred fifty-nine, one hundred sixty and one hundred sixty-one, requiring the denial of all such allegations. These Defendants also object to any attempt to state the content of any writing in connection with the assertion of any such allegations, as such content may only be established through the writing itself.

## "Dr. Meloy's Opinion"

91.     These Defendants deny every aspect of Amended Complaint paragraphs one hundred sixty-two, one hundred sixty-three, one hundred sixty-four, and one hundred sixty-five to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred sixty-two, one hundred sixty-three, one hundred sixty-four, and one hundred sixty-five, requiring the denial of such allegations.

92.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred sixty-six, one hundred sixty seven, and one hundred sixty-eight, requiring the denial of such allegations.

93.     These Defendants deny every aspect of Amended Complaint paragraphs one hundred sixty-nine, one hundred seventy and one hundred seventy-one to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred-sixty nine, one hundred seventy and one hundred seventy-one, requiring the denial of such allegations.

## "Destruction of Fingerprints and Hairs"

94.     These Defendants deny every aspect of Amended Complaint paragraphs one hundred seventy-two, one hundred seventy-three, one hundred seventy-four, one hundred seventy-five and one hundred seventy-six to any extent such allegations are directed at Defendant Reed.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred seventy-two, one hundred seventy-three, one hundred seventy-four, one hundred seventy-five and one hundred seventy-six, requiring the denial of such allegations.

## "False Statements"

95.     These Defendants admit that Defendant Reed may have provided input to Defendant Broderick respecting an arrest warrant, to the extent alleged in Amended Complaint paragraph one hundred seventy-eight.  In all other respects, these Defendants deny every aspect of Amended Complaint paragraphs one hundred seventy-seven, one hundred seventy-eight, one hundred seventy-nine, one hundred eighty, one hundred eighty-one and one hundred eighty-two, to any extent such allegations are directed at Defendant Reed.  In addition, these Defendants lack sufficient knowledge or information to form a belief as to any other allegations of Amended

Complaint paragraphs one hundred seventy-seven, one hundred seventy-eight, one hundred seventy-nine, one hundred eighty, one hundred eighty-one and one hundred eighty-two, requiring the denial of such allegations.

96.     These Defendants deny every aspect of Amended Complaint paragraph one hundred eighty-three and one hundred eighty-four to any extent such allegations are directed at Defendant Reed.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph one hundred eighty-three and one hundred eighty-four, requiring the denial of such allegations.

97.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred eighty-five, one hundred eighty-six, one hundred eighty-seven, one hundred eighty-eighty, one hundred eighty-nine, one hundred ninety, one hundred ninety-one and one hundred ninety-two, requiring the denial of such allegations.

### "Hearing Statements"

98.     These Defendants deny every aspect of Amended Complaint paragraph one hundred ninety-seven to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs one hundred ninety-three, one hundred ninety-four, one hundred ninety-five, one hundred ninety-six, one hundred ninety-seven, and one hundred ninety-eight, requiring the denial of such allegations.

**"Exculpatory Evidence"**

99.     These Defendants deny every aspect of Amended Complaint paragraphs one hundred ninety-nine, two hundred, and two hundred one (including subparagraphs a through k) to any extent such allegations are directed at Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs one hundred ninety-nine, two hundred, and two hundred one (including subparagraphs a through k), requiring the denial of such allegations.

**Post-Conviction**

100.     These Defendants deny every aspect of Amended Complaint paragraphs two hundred five and two hundred six to any extent such allegations are directed at Defendant Reed. In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs two hundred two, two hundred three, two hundred four, two hundred five, two hundred six, two hundred seven, two hundred eight, and two hundred nine, requiring the denial of all such allegations.

**"DNA"**

101.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs two hundred ten, two hundred eleven, two hundred twelve, two hundred thirteen, two hundred fourteen, two hundred fifteen and two hundred sixteen, requiring the denial of all such allegations.

**"Roy Hazelwood"**

102.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs two hundred seventeen, two hundred eighteen, two hundred nineteen and two hundred twenty, requiring the denial of all such allegations.

**"Hammond Evidence"**

103.    These Defendants deny every aspect of Amended Complaint paragraphs two hundred twenty-seven and two hundred twenty-eight to any extent such allegations are directed at Defendant Reed.  These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs two hundred twenty-one, two hundred twenty-two, two hundred twenty-three, two hundred twenty-four, two hundred twenty-five, two hundred twenty-six, two hundred twenty-seven and two hundred twenty-eight, requiring the denial of all such allegations.   These Defendants also object to any attempt to state the content of any writing in connection with the assertion of any such allegations, as such content may only be established through the writing itself.

**"FBI Profile"**

104.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations found in Amended Complaint paragraphs two hundred twenty-nine, two hundred thirty, two hundred thirty-one, and two hundred thirty-two, requiring the denial of all such allegations.

**"Office of Attorney Regulation"**

105.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph two hundred thirty-three, requiring the denial of all such allegations.

106.    These Defendants deny every aspect of Amended Complaint paragraphs two hundred thirty-four and two hundred thirty-five to any extent such allegations are directed at Defendant Reed.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Complaint paragraphs two hundred thirty-four, two hundred thirty-five, two hundred thirty-six, two hundred thirty-seven and two hundred thirty-eight, requiring the denial of all such allegations.

**"Prosecution"**

107.    In response to paragraphs two hundred thirty-nine, two hundred forty, two hundred forty-one and two hundred forty-two of the Amended Complaint, these Defendants admit that an investigation into the murder of Peggy Hettrick continues to date, to any extent alleged by such paragraphs of the Amended Complaint. In all other respects, these Defendants deny all allegations of Amended Complaint paragraphs two hundred thirty-nine, two hundred forty, two hundred forty-one and two hundred forty-two.

**"Fort Collins Practices"**

108.    These Defendants deny every aspect of Amended Complaint paragraphs two hundred forty-three, two hundred forty-four, two hundred forty-five, two hundred forty-six, two hundred forty-seven, two hundred forty-eight and two hundred forty-nine.

## "Eighth Judicial District Practices"

109.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs two hundred fifty, two hundred fifty-one, two hundred fifty-two, two hundred fifty-three, two hundred fifty-four, two hundred fifty-five, two hundred fifty-six, and two hundred fifty-seven, requiring the denial of all such allegations.

## First Claim for Relief[2]

110.     These Defendants respond to the allegations of Amended Complaint paragraph two hundred fifty-eight in the same manner that they responded in connection with all preceding paragraphs of the Amended Complaint, incorporating such responses as though set out here in full.

111.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph two hundred fifty-nine, in particular because that paragraph appears intended to state an objectionable legal conclusion, requiring the denial of all such allegations.

112.     These Defendants deny the allegations of Amended Complaint paragraphs two hundred sixty, two hundred sixty-one, and two hundred sixty-two.

113.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs two hundred sixty-three and two hundred sixty-four, requiring the denial of all such allegations.

---

[2] These Defendants deny any aspect of footnote one of the Amended Complaint, found on page sixty-one thereof, to any extent any response to said footnote is necessary.

114.    These Defendants deny the allegations of Amended Complaint paragraphs two hundred sixty-five, two hundred sixty-six, two hundred sixty-seven, two hundred sixty-eight, and two hundred sixty-nine, to the extent that any such allegations are asserted against Defendant Harrison.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs two hundred sixty-five, two hundred sixty-six, two hundred sixty-seven, two hundred sixty-eight, and two hundred sixty-nine, requiring the denial of all such allegations.

115.    These Defendants deny the allegations of Amended Complaint paragraphs two hundred seventy, to the extent that such allegations are asserted against Defendant Harrison.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs two hundred seventy, requiring the denial of all such allegations.

116.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph two hundred seventy-one, particularly because such allegations appear to attempt a statement of a legal conclusion, requiring the denial of all such allegations.

117.    These Defendants deny the allegations of Amended Complaint paragraph two hundred seventy-two.

118.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph two hundred seventy-three, requiring the denial of all such allegations.

119.    These Defendants deny the allegations of Amended Complaint paragraph two hundred seventy-four.

## **Second Claim for Relief**

120.    These Defendants respond to the allegations of Amended Complaint paragraph two hundred seventy-five in the same manner that they responded in connection with all preceding paragraphs of the Amended Complaint, incorporating such responses as though set out here in full.

121.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph two hundred seventy-six, in particular because that paragraph appears intended to state an objectionable legal conclusion, requiring the denial of all such allegations.

122.    These Defendants deny the allegations of Amended Complaint paragraph two hundred seventy-seven.

123.    These Defendants admit that Defendant Reed conversed with Dr. Christopher Tsoi to the extent the fact of a conversation is alleged by Amended Complaint paragraph two hundred seventy-eight.   In all other respects, these Defendants deny the allegations of Amended Complaint paragraphs two hundred seventy-eight, two hundred seventy-nine, two hundred eighty, two hundred eighty-one, two hundred eighty-two, two hundred eighty-three, two hundred eighty-four, two hundred eighty-five, two hundred eighty-six, two hundred eighty-seven, two hundred eighty-eight, two hundred eighty-nine, two hundred ninety and two hundred ninety-one to any extent such allegations are asserted against these Defendants.   In all other respects, these Defendants lack sufficient information to respond to such allegations, requiring that all such

allegations be denied.  Further, the allegations of paragraph two hundred seventy-nine of the Amended Complaint are objectionable as incomprehensible, while the allegations of paragraph two hundred ninety-one are objectionable as an effort to state a legal conclusion rather than any factual assertion.

### Third Claim for Relief

124.    These Defendants respond to the allegations of Amended Complaint paragraph two hundred ninety-two in the same manner that they responded in connection with all preceding paragraphs of the Amended Complaint, incorporating such responses as though set out here in full.

125.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph two hundred ninety-three, in particular because that paragraph appears intended to state an objectionable legal conclusion, requiring the denial of all such allegations.

126.    These Defendants deny the allegations of Amended Complaint paragraphs two hundred ninety-four, two hundred ninety-five, and two hundred ninety-six, to any extent that such allegations are asserted against Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs two hundred ninety-four, two hundred ninety-five, and two hundred ninety-six, requiring the denial of all such allegations.

127.    These Defendants deny the allegations of Amended Complaint paragraphs two hundred ninety-seven to any extent that such allegations are asserted against Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as

to the allegations of Amended Complaint paragraph two hundred ninety-seven, two hundred ninety-eight, two hundred ninety-nine and three hundred, requiring the denial of all such allegations.

128.    These Defendants deny the allegations of Amended Complaint paragraphs three hundred one and three hundred two to any extent that such allegations are asserted against Defendant Reed.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs three hundred one and three hundred two, requiring the denial of all such allegations.

129.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph three hundred three, requiring the denial of all such allegations.

130.    These Defendants deny the allegations of Amended Complaint paragraphs three hundred four, three hundred five, three hundred six, three hundred seven, and three hundred eight, to any extent that such allegations are asserted against Defendant Harrison.   In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs three hundred four, three hundred five, three hundred six, three hundred seven, and three hundred eight, requiring the denial of all such allegations.

131.    These Defendants deny the allegations of Amended Complaint paragraphs three hundred nine and three hundred ten.

**"Fourth Claim for Relief"**

132.    These Defendants respond to the allegations of Amended Complaint paragraph three hundred eleven in the same manner that they responded in connection with all preceding paragraphs of the Amended Complaint, incorporating such responses as though set out here in full.

133.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph three hundred twelve, in particular because that paragraph appears intended to state an objectionable legal conclusion, requiring the denial of all such allegations.

134.    These Defendants deny the allegations of Amended Complaint paragraphs three hundred thirteen.

135.    These Defendants deny the allegations of Amended Complaint paragraphs three hundred fourteen and three hundred fifteen to any extent that such allegations are asserted against Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs three hundred fourteen and three hundred fifteen, requiring the denial of all such allegations.

136.    These Defendants deny the allegations of Amended Complaint paragraphs three hundred sixteen, three hundred seventeen, three hundred eighteen, three hundred nineteen and three hundred twenty, to any extent that such allegations are asserted against Defendant Harrison.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs three hundred sixteen,

three hundred seventeen, three hundred eighteen, three hundred nineteen and three hundred twenty, requiring the denial of all such allegations.

137.     These Defendants deny the allegations of Amended Complaint paragraphs three hundred twenty-one and three hundred twenty-two.

"<u>Fifth Claim for Relief</u>"

138.     These Defendants respond to the allegations of Amended Complaint paragraph three hundred twenty-three in the same manner that they responded in connection with all preceding paragraphs of the Amended Complaint, incorporating such responses as though set out here in full.

139.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph three hundred twenty-four, in particular because that paragraph appears intended to state an objectionable legal conclusion, requiring the denial of all such allegations.

140.     These Defendants deny the allegations of Amended Complaint paragraphs three hundred twenty-five, three hundred twenty-six, three hundred twenty-seven, and three hundred twenty-eight.

141.     These Defendants deny the allegations of Amended Complaint paragraphs three hundred twenty-nine, three hundred thirty, three hundred thirty-one, three hundred thirty-two and three hundred thirty-three to any extent such allegations are asserted against Defendant Harrison. In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs three hundred twenty-nine, three

hundred thirty, three hundred thirty-one, three hundred thirty-two and three hundred thirty-three, requiring that such allegations be denied.

142.     These Defendants deny the allegations of Amended Complaint paragraphs three hundred thirty-four and three hundred thirty-five.

## "Sixth Claim for Relief"

143.     These Defendants respond to the allegations of Amended Complaint paragraph three hundred thirty-six in the same manner that they responded in connection with all preceding paragraphs of the Amended Complaint, incorporating such responses as though set out here in full.

144.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph three hundred thirty-seven, in particular because that paragraph appears intended to state an objectionable legal conclusion, requiring the denial of all such allegations.

145.     These Defendants deny the allegations of Amended Complaint paragraphs three hundred thirty-nine and three hundred forty.

146.     These Defendants deny the allegations of Amended Complaint paragraphs three hundred forty-one, three hundred forty-two, three hundred forty-three, three hundred forty-four and three hundred forty-five to any extent such allegations are asserted against Defendant Harrison.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs three hundred forty-one, three hundred forty-two, three hundred forty-three, three hundred forty-four and three hundred forty-five, requiring that such allegations be denied.

147.    These Defendants deny the allegations of Amended Complaint paragraphs three hundred forty-six, three hundred forty-seven and three hundred forty-eight.

**"Seventh Claim for Relief"**

148.    These Defendants respond to the allegations of Amended Complaint paragraph three hundred forty-nine in the same manner that they responded in connection with all preceding paragraphs of the Amended Complaint, incorporating such responses as though set out here in full.

149.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph three hundred fifty, in particular because that paragraph appears intended to state an objectionable legal conclusion, requiring the denial of all such allegations.

150.    These Defendants deny the allegations of Amended Complaint paragraphs three hundred fifty-one, three hundred fifty-two, three hundred fifty-three, and three hundred fifty-four to any extent such allegations are asserted against Defendant Reed.  In all other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs three hundred fifty-one, three hundred fifty-two, three hundred fifty-three, and three hundred fifty-four, requiring that such allegations be denied.

151.    These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraphs three hundred fifty-five and three hundred fifty-six, requiring that such allegations be denied.

152.    These Defendants deny the allegations of Amended Complaint paragraph three hundred fifty-seven to any extent such allegations are asserted against Defendant Harrison.  In all

other respects, these Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph three hundred fifty-seven, requiring that such allegations be denied.

153.     These Defendants lack sufficient knowledge or information to form a belief as to the allegations of Amended Complaint paragraph three hundred fifty-eight, requiring that such allegations be denied.

154.     These Defendants deny all allegations of the Amended Complaint following the word WHEREFORE on page eighty-five of the Amended Complaint.  These Defendants also deny Plaintiff's entitlement to any of the Damages sought or requested in the Plaintiff's Amended Complaint.

## **GENERAL DENIAL**

These Defendants deny each and every allegation contained in Plaintiff's Amended Complaint not specifically admitted in this Answer.

## **DEFENSES AND AFFIRMATIVE DEFENSES**

1.     Plaintiff's Amended Complaint fails to state a claim as to which any relief may be granted against any Defendant.

2.     All or part of Plaintiff's claims never achieve the level of any constitutional violation sufficient to state a claim under 42 U.S.C. § 1983 or otherwise.

3.     No claim pursuant to 42 U.S.C. § 1983 may be grounded in any theory of *respondeat superior* or vicarious liability respecting any Defendant.

4.     Plaintiff was afforded all the rights, privileges and immunities guaranteed by the Constitution in connection with his criminal prosecution and conviction and no constitutionally

protected interest was impugned in relation to any claim of Plaintiff respecting any well-settled liberty or property interest.  Plaintiff was provided with due process of law in every respect in regard to his prosecution and conviction.

5.     To any extent the Court concludes any individual Defendant acted under color of state law with respect to Plaintiff, each such individual Defendant is entitled to absolute immunity, qualified immunity or both such immunities with respect to any 42 U.S.C. § 1983 or other claim alleged against them.

6.     Plaintiff's attempt to express any claim for exemplary damages against any Defendant in their individual, or any other capacities are barred, reduced, or in the alternative, are unconstitutional and would violate their rights under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and Article II, Section 25 of the Colorado Constitution.  No claim for exemplary or punitive damages of any nature may be pursued against any public entity.

7.     Plaintiff's claims against any individual Defendant are barred, in whole or in part, by the failure of personal participation on the part of the individual Defendants.  In addition, any claim against an individual in any "official" capacity is duplicative of any such claim against a public entity, negating any such claim.

8.     On information and belief, Plaintiff failed to mitigate his damages, if any.

9.     On information and belief, some or all of Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by these Defendants, nor proximately caused by or related to any act or omission of these Defendants.

10.     At all times pertinent herein, these Defendants acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause Plaintiff harm.  Defendants also lacked the requisite intent to establish any claim against them in this matter.  Defendants also possess or possessed a reasonable good faith belief in the lawfulness of all their conduct.  No individual Defendant owed any legal duty to Plaintiff at any time concerning the subject matter of the Plaintiff's allegations in this lawsuit.

11.     Plaintiff's injuries and damages, if any, in whole or in part, were proximately caused by his own acts or omissions, either independent of or in combination with or through the acts or omissions of third parties, over whom Defendants possessed no ability to control or right of control.

12.     In all respects, these Defendants behaved in accordance with applicable legal authority in all actions or inactions associated with the Plaintiff, negating any claim of liability asserted by the Plaintiff against them.

13.     On information and belief, Plaintiff's alleged damages, if any, are subject to offset by virtue of amounts received from other sources.

14.     No custom, practice or policy of the City of Fort Collins, or Dennis V. Harrison as the Chief of Police of the City of Fort Collins, caused or contributed in any way to any alleged violation of constitutional rights asserted by the Plaintiff.

15.     Plaintiff is not entitled to the relief being sought or claimed in the Amended Complaint under any of the legal theories asserted therein.

16.     All actions of the City of Fort Collins associated with this matter are supported by evidence in the record and the City of Fort Collins properly applied the law.  All actions of these Defendants were taken in accordance with all legal requirements.

17.  Plaintiff's claims in this matter are barred or otherwise restricted by the applicable statute of limitation, statute of repose, or both.

18.     On information and belief, some or all of Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, failure to exhaust administrative remedies, and failure to provide timely notice.

19.     To any extent Plaintiff attempts any claim under state law, any such claim is barred, limited and otherwise controlled by Colorado law, including the Colorado Governmental Immunity Act, C.R.S. §24-10-101, et. seq.

20.     These Defendants incorporate by this reference all applicable affirmative defenses and defenses asserted by any other Defendant in this action.

21.     These Defendants specifically reserve the right to amend their Answer to include additional defenses and affirmative defenses, or delete defenses and affirmative defenses that become non-applicable upon completion of additional discovery.

WHEREFORE, having answered all allegations of the Plaintiff's Amended Complaint that require a response, Defendants City of Fort Collins, Dennis Harrison and Marsha Reed move the Court for an Order dismissing all elements of all claims against them in complete and total fashion, awarding them costs and attorneys fees, and ordering such other and further relief as to the Court appears proper.

**JURY DEMAND**

These Defendants hereby request a trial by jury pursuant to Fed. R. Civ. P. 38 on all issues so triable.

DATED this 6th day of May 2009.

Respectfully Submitted,


s/Thomas J. Lyons
Thomas J. Lyons, Esq.
Andrew D. Ringel, Esq.
Katherine M.L. Pratt, Esq.
HALL & EVANS, L.L.C.
1125 17th Street, Suite 600
Denver, Colorado 80202
Phone: (303) 628-3300;
Fax:    (303) 293-3238
lyonst@hallevans.com
ringela@hallevans.com
prattk@hallevans.com
**ATTORNEYS FOR DEFENDANTS
CITY OF FORT COLLINS,
DENNIS V. HARRISON and
MARSHA REED**

**Defendants' Address:**

300 LaPorte Ave.
Fort Collins, CO 80522-0580

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

I hereby certify that on this 6th day of May 2009, I electronically filed the foregoing **ANSWER TO AMENDED COMPLAINT FROM DEFENDANTS CITY OF FORT COLLINS, DENNIS V. HARRISON and MARSHA REED** with the Clerk of Court using the CM/EFC system which will send notification of such filing to the following e-mail addresses:

**Counsel for Plaintiff:**
David A. Lane, Esq.
Sara J. Rich, Esq.
Althea S. Licht, Esq.
Rebecca T. Wallace, Esq.
dlane@kln-law.com
srich@kln-law.com
alicht@kln-law.com
rtwallace@kln-law.com

David Wymore, Esq.,
dwymore26@comcast.net

Maria Liu, Esq.
maria@cotriallaw.com

**Counsel for Jolene Blair:**
Craig Lewis Truman, Esq.
craig@cltrumanlaw.com

Kevin J. Kuhn, Esq.
Sean T. Olson, Esq.
Marsha M. Piccone, Esq.
LaMar F. Jost, Esq.
Wheeler, Trigg, Kennedy, L.L.P.
kuhn@wtklaw.com
olson@wtklaw.com
piccone@wtklaw.com
jost@wtklaw.com

**Counsel for Gilmore:**
Josh A. Marks, Esq.
Jon N. Banashek, Esq.
Berg, Hill, Greenleaf & Ruscitti, LLP
jam@bhgrlaw.com
jnb@bhgrlaw.com

**Counsel for James Broderick:**
Patrick D. Tooley, Esq.
Thomas M. Dunn, Esq.
Dill, Dill, Carr, Stonbraker & Hutchings, P.C.
pdtooley@dillanddill.com
tdunn@dillanddill.com

**Counsel for Defs VanMeveren, Abrahamson & Eighth Judicial District of
   Colorado**
George Hass, Esq.
Jeannine S. Haag, Esq.
William G. Ressue, Esq.
Harden, Hass, Haag & Hallberg, P.C.
P.O. Box 1606
Ft. Collins, CO  80522
george@hshh.com
jeannine@hshh.com
william@hshh.com

s/  Marlene Wilson, Secretary to
Thomas J. Lyons, Esq.
Andrew D. Ringel, Esq.
Katherine M. Pratt, Esq.
HALL & EVANS, L.L.C.
1125 Seventeenth Street, Suite 600
Denver, Colorado 80202-2052
Phone: (303) 628-3300
Fax:    (303) 293-3368
lyonst@hallevans.com
ringela@hallevans.com
prattk@hallevans.com
**ATTORNEYS FOR DEFENDANTS
CITY OF FORT COLLINS,
DENNIS V. HARRISON and
MARSHA REED**