**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. **08-cv-02278-LTB-MJW**

**TIMOTHY MASTERS**,

      Plaintiff,

v.

TERRENCE A. GILMORE, Former Deputy District Attorney of the Eighth Judicial District, in his individual and official capacities;
JOLENE C. BLAIR, Former Deputy District Attorney of the Eighth Judicial District, in her individual and official capacities;
**JAMES BRODERICK**, Lieutenant in the Fort Collins Police Department, in his individual and official capacities;
MARSHA REED, Former Detective in the Fort Collins Police Department, in her individual and official capacities;
DENNIS V. HARRISON, Chief of the Fort Collins Police Department, in his individual and official capacities;
CITY OF FORT COLLINS municipality;
STUART VANMEVEREN, Former District Attorney of the Eighth Judicial District, in his individual and official capacities;
LARRY ABRAHAMSON, District Attorney of the Eighth Judicial District, in his individual and official capacities,

      Defendants.

---

**JAMES BRODERICK'S ANSWER TO AMENDED COMPLAINT
AND JURY DEMAND**

---

James Broderick, through counsel, answer's Plaintiff's Amended Complaint as follows:

## JURISDICTION AND VENUE

1. Mr. Broderick admits the allegations in paragraph 1.

2. Mr. Broderick admits the allegations in paragraph 2.

## **PARTIES**

3.   Mr. Broderick admits the allegations in the first sentence of paragraph 3. He lacks sufficient information to form a belief as to the truth of, and therefore denies, all remaining allegations.

4.   Mr. Broderick admits the allegations in the first two sentences of paragraph 4.  He further admits Gilmore was assigned to prosecute the Hettrick case, attended Hettrick's autopsy, served as the lead prosecutor in the criminal action brought against Plaintiff, received briefings from FCPD officers, and provided legal advice to FCPD investigators.  Mr. Broderick denies the remaining allegations in paragraph 4, either because they are untrue  or because he lacks sufficient information upon which to form a belief as to their truth.

5.   Mr. Broderick admits the allegations in the first two sentences of paragraph 5.  He further admits Blair was second chair in the criminal action brought against Plaintiff and that Blair provided legal advice to FCPD investigators.  Upon information and belief, Mr. Broderick admits Blair's involvement in the prosecution of Masters began in 1998.  Mr. Broderick denies the remaining allegations in paragraph 5, either because they are untrue or because he lacks sufficient information upon which to form a belief as to their truth.

6.   Mr. Broderick admits the allegations in the first two sentences of paragraph 6.  He further admits he was involved in the investigation of the Hettrick homicide, became lead investigator in approximately 1995, supervised Reed, signed the arrest warrant affidavit, testified at hearings and trial in the Masters' criminal case, and had responsibilities to provide documents and information to the District Attorney's Office.  Mr. Broderick denies all remaining allegations.

7.  Mr. Broderick admits the allegations in the first two sentences of paragraph 7.  He further admits Reed was involved in the investigation of the Hettrick homicide beginning in 1987 and continuing at various times thereafter.  Mr. Broderick also admits Reed worked with Gilmore, Blair, and Broderick on the Hettrick homicide investigation and in the criminal action filed against Plaintiff.  Mr. Broderick denies all remaining allegations.

8.  Mr. Broderick admits the allegations in paragraph 8.

9.  Mr. Broderick admits the allegations in paragraph 9.

10.  Mr. Broderick admits the allegations in the first two sentences of paragraph 10.  Mr. Broderick lacks sufficient information to form a belief about the truth of, and therefore denies, all remaining allegations, except to admit that VanMeveren was the elected District Attorney for the Eighth Judicial District.

11.  Mr. Broderick admits the allegations in the first two sentences of paragraph 11.  He further admits that Riedel and Lammons handled post-conviction matters in the criminal action brought against Plaintiff.  Mr. Broderick lacks sufficient information to form a belief about the truth of, and therefore denies, the remaining allegations, except to admit Abrahamson has been the elected District Attorney since 2004.

12.  Mr. Broderick admits the allegations in paragraph 12.

13.  Mr. Broderick admits the allegations in the first sentence of paragraph 13, but lacks sufficient information to form a belief about the truth of, and therefore denies, all remaining allegations.

14.  Answering paragraph 14, Mr. Broderick admits that Larimer County is a political

subdivision of the State of Colorado, but lacks sufficient information to form a belief about the truth

of, and therefore denies, all remaining allegations.

15.   Mr. Broderick admits the allegations in paragraph 15.

## FACTUAL BACKGROUND

16.   Mr. Broderick admits the allegations in paragraph 16.

17.   Answering paragraph 17, Mr. Broderick admits FCPD detectives interviewed Plaintiff

about the Hettrick homicide after the discovery of Hettrick's body and that Plaintiff's home was

searched, as was the area where Hettrick's body was found.  Mr. Broderick denies the remaining

allegations, except to admit that Plaintiff said he saw Hettrick's body while walking to school.

18.   Mr. Broderick denies the allegations in paragraph 18, except to admit that Plaintiff

denied murdering Hettrick and that Martinez noted as to one aspect of Martinez's discussions with

Plaintiff that Martinez did not observe evidence of deception.

19.   Mr. Broderick denies the allegations in paragraph 19.

20.   Mr. Broderick denies the allegations in paragraph 20, except to admit that consistent

with past practice, FCPD and the Eight Judicial District kept documents in rooms and restricted

access to those rooms.

21.   Answering paragraph 21, Mr. Broderick admits Plaintiff was and is a suspect in the

Hettrick homicide.  He denies all remaining allegations.

22.   Answering paragraph 22, Mr. Broderick admits FCPD consulted with Hazelwood and

Meloy.  He further admits that based on the contents of the affidavit in support of the warrant for

the arrest of Plaintiff probable cause existed for Plaintiff's  arrest for the murder of Ms. Hettrick.

Mr. Broderick denies all remaining allegations.

23.   Mr. Broderick admits the allegations in paragraph 23, except to deny that the jury convicted Plaintiff "based largely" on the testimony of Meloy and Broderick.

24.   Answering paragraph 24, Mr. Broderick admits Plaintiff filed a post-conviction motion to set aside his conviction and that Liu and Wymore were assigned by the State to represent him.

25.   Mr. Broderick denies the allegations in paragraph 25.

26.   Mr. Broderick admits the allegations in paragraph 26.

27.   Answering paragraph 27, Mr. Broderick admits that prosecutors from the Seventeenth Judicial District entered into stipulations with Plaintiff's counsel, Plaintiff's conviction was vacated, Plaintiff was released, and the charge against Plaintiff was dismissed without prejudice.   Mr. Broderick denies all remaining allegations.

28.   Mr. Broderick admits the allegations in paragraph 28, except to deny Dr. Allen's autopsy report states Hettrick would have died within 5 to 30 minutes after being stabbed.

29.   Answering paragraph 29, Mr. Broderick admits that when Hettrick's body was discovered, Hettrick's jeans and panties were pulled down and her blouse and bra were pulled up. Mr. Broderick further admits that Dr. Allen opined the removal of Hettrick's left nipple and a portion of her external genitalia occurred postmortem with a sharp instrument.  Mr. Broderick denies all remaining allegations in paragraph 29.

30.   Mr. Broderick lacks sufficient information to form a belief about the truth of, and therefore denies, the allegations in paragraph 30.

31.  Answering paragraph 31, Mr. Broderick admits Plaintiff was 15 years old when Hettrick

was murdered and that Plaintiff was and is a suspect in Hettrick's murder. Mr. Broderick denies all remaining allegations.

32.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 32, except to admit Taylor was the lead detective in the Hettrick homicide investigation in 1987 and 1988.

33.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 33.

34.   Mr. Broderick admits the allegations in the first sentence of paragraph 34.   Mr. Broderick also admits that after consulting with Gilmore, Broderick decided not to arrest Masters. Broderick denies all remaining allegations.

35.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in first four sentences of paragraph 35.   Mr. Broderick denies all remaining allegations.

36.   Answering paragraph 36, Mr. Broderick admits he and Reed worked on the Hettrick murder investigation from 1995 through August 1998.   Mr. Broderick denies the remaining allegations.

37.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in the first sentence of paragraph 37.   Mr. Broderick denies all remaining allegations.

38.   Mr. Broderick denies the allegations in paragraph 38.

39.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and there

fore denies, the allegations in paragraph 39.

40.   Answering paragraph 40, Mr. Broderick admits that in August 2008 Plaintiff was arrested and charged with the murder of Peggy Hettrick. Mr. Broderick denies all remaining allegations.

41.   Mr. Broderick denies the allegations in paragraph 41, except to admit that he briefed Gilmore, Blair, and Blair on matters relating to the investigation of the Hettrick homicide, and that Gilmore and Reed provided legal advice to Mr. Broderick.

42.   Mr. Broderick admits the allegations in paragraph 42.

43.   Mr. Broderick admits the first sentence of paragraph 43, except to deny that the prosecution argued at trial that Masters stalked Hettrick.  The remainder of paragraph 43 contains conclusory arguments to which no response is required.

44.   Mr. Broderick denies the allegations in paragraph 44, except to admit that the prosecution relied on circumstantial evidence.

45.   Answering paragraph 45, Mr. Broderick admits that the evidence presented at trial included evidence related to the fantasy motive aspect of the Hettrick homicide and Plaintiffs' drawing depicting murder and death.  Mr. Broderick denies the remaining allegations.

46.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the vague allegations in paragraph 46.

47.   Answering paragraph 47, Mr. Broderick admits that Plaintiff's fantasies and opportunity to commit the Hettrick homicide were part of the prosecution's theory of the case.  The transcript of Blair's statements at trial speak for itself.  Mr. Broderick denies all remaining allegations.

7

48.   Mr. Broderick admits the allegations in paragraph 48.

49.   Mr. Broderick admits the allegations in paragraph 49.

50.   Mr. Broderick denies the allegations in paragraph 50.

51.   Mr. Broderick admits the allegations in the first sentence of paragraph 51.   Mr. Broderick denies the remaining allegations in paragraph 51, except to admit that certain forensic testing necessarily involves the destruction of the sample being tested.

52.   Answering paragraph 52, Mr. Broderick admits that Plaintiff moved to disqualify the Eighth Judicial District, the Eighth Judicial District District Attorney disqualified himself, and a special prosecutor from the Seventeenth Judicial District was appointed.   Mr. Broderick denies all remaining allegations.

53.   Mr. Broderick denies the allegations in paragraph 53.

54.   Answering paragraph 54, Mr. Broderick admits that after November 1998 the special prosecutor concluded  certain evidence had not been provided to Plaintiff's original attorneys, but denies all remaining allegations.

55.   Answering paragraph 55, Mr. Broderick admits Plaintiff's post-conviction attorneys met with the special prosecutors and that DNA evidence was discussed.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the remaining allegations, except to admit Plaintiff's post-conviction counsel have represented that Zoellner's DNA was found on Hettrick or Hettrick's clothing.

56.   Mr. Broderick admits the allegations in paragraph 56, except to deny that Plaintiff spent ten years in prison for a crime Broderick, Gilmore, Blair, and Reed knew he did not commit.

57. Answering paragraph 57, Mr. Broderick admits that in January 2008 the Colorado Office of Attorney Regulation undertook an investigation of Gilmore and Blair. Mr. Broderick further admits that the Colorado Office of Attorney Regulation recommended public censure. Mr. Broderick denies all remaining allegations.

58. Mr. Broderick denies the allegations in paragraph 58.

59. Mr. Broderick denies the allegations in paragraph 59.

60. Answering paragraph 60, Mr. Broderick notes that the allegations call for a legal conclusion. Mr. Broderick denies the allegations in paragraph 60, either because they are false, or because he lacks sufficient information to form a belief as to the their truth.

61. Mr. Broderick denies the allegations in paragraph 61.

62. Mr. Broderick denies the allegations in paragraph 62, except to admit that Dr. Meloy suggested that FCPD contact a plastic surgeon.

63. Answering paragraph 63, Mr. Broderick admits Reed spoke with Tsoi and sent Tsoi reports, photos and other materials. Mr. Broderick denies all remaining allegations.

64. Mr. Broderick denies the allegations in paragraph 64.

65. Mr. Broderick denies the allegations in paragraph 65.

66. Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 66.

67. Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 67.

68. Mr. Broderick lacks sufficient information to form a belief as to the truth of, and

therefore denies, the allegations in the first sentence of paragraph 68.  Mr. Broderick denies all remaining allegations.

69.   Answering paragraph 69, Mr. Broderick denies Reed wrote a report or that she would have a report to produce.

70.   Mr. Broderick denies the allegations in paragraph 70.

71.   Mr. Broderick denies the allegations in paragraph 71.

72.   Answering paragraph 72, Mr. Broderick admits a FCPD officer contacted and solicited opinions from Gardner.  Mr. Broderick lacks sufficient information to form a belief as to, and therefore denies, all remaining allegations.

73.   Answering paragraph 73, Mr. Broderick admits that the prosecution maintained that Plaintiff used one of his knives to kill Hettrick.  Mr. Broderick lacks sufficient information to form a belief as to, and therefore denies, all remaining allegations.

74.   Mr. Broderick denies the allegations in paragraph 74.

75.   Mr. Broderick lacks sufficient information to form a belief as to, and therefore denies, the allegations in paragraph 75.

76.   Mr. Broderick lacks sufficient information to form a belief as to, and therefore denies, the allegations in paragraph 76.

77.   Mr. Broderick denies the allegations in paragraph 77.

78.   Mr. Broderick denies the allegations in paragraph 78.

79.   Mr. Broderick denies the allegations in paragraph 79.

80.  Mr. Broderick denies the allegations in paragraph 80.

81.    Answering paragraph 81, Mr. Broderick admits that Mr. Hammond lived in the neighborhood near the field in which Hettrick's body was found. Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the remaining allegations.

82.  Mr. Broderick admits the allegations in paragraph 82.

83.  Mr. Broderick admits the allegations paragraph 83, except to deny that the tapes showed close-ups of breasts and to deny that Hammond made notes concerning particular vaginas he observed.

84.  Mr. Broderick denies the allegations in paragraph 84, except to admit that he went to the Hammond crime scene.

85.    Mr. Broderick admits the allegations in the first sentence of paragraph 85 and that Becky Hammond was granted immunity.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the remaining allegations.

86.    Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 86.

87.  Mr. Broderick denies the allegations in paragraph 87, except to admit Blair and Gilmore did not disqualify themselves from the Hettrick case.

88.  Mr. Broderick denies the allegations in paragraph 88, except to admit Hammond was arrested in March 1995 and that Hammond was hospitalized after his release.

89.  Mr. Broderick admits the allegations in the first sentence of paragraph 89. Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the remaining allegations.

90.   Answering paragraph 90, Mr. Broderick admits the FBI told FCPD that characteristics of sexual murderers may include voyeurism.   He also admits the FBI believed that if a sexual murderer were to commit additional crimes, in certain cases the anniversary date could present greater risk for the commission of additional crimes. Mr. Broderick also admits Dr. Meloy stated that the murderer in the Hettrick homicide could engage in voyeurism.   As to the final sentence in paragraph 80, Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, those allegations.   Mr. Broderick denies all remaining allegations.

91.   Answering paragraph 91, Mr. Broderick admits that based on his background and experience he was aware of in February 1987 that investigators in sexual homicides should look for a variety of potential characteristics, traits, or conduct, including voyeurism.   Mr. Broderick also admits he read books and took notes concerning sexual homicides.   Mr. Broderick denies all remaining allegations.

92.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 92.

93.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 93, except to admit that evidence recovered from Hammond established Hammond engaged in voyeuristic activities.

94.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 94.

95.   Answering paragraph 95, Mr. Broderick admits pornographic materials were recovered during a search of Hammond's storage locker.   Mr. Broderick lacks sufficient information to form

a belief as to the truth of, and therefore denies, all remaining allegations.

96.  Answering paragraph 96, Mr. Broderick admits Dr. Meloy stated Hettrick's murderer may have kept mementos from the murder. Mr. Broderick also admits neither a nipple or clitoral hood were located in Plaintiff's possessions. Mr. Broderick denies all remaining allegations.

97.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 97, except to note investigations of Plaintiff did not reveal Plaintiff's use of an alter ego but did reveal Plaintiff possessed pornography at or near the time Hettrick was killed.

98.  Answering paragraph 98, Mr. Broderick admits Becky Hammond insisted she did not know about Dr. Hammond's voyeurism and that she described Dr. Hammond as very private.  Mr. Broderick admits that Dr. Meloy believed sexual murders would keep their sexual fantasies private. Mr. Broderick further admits Mr. Masters showed his friends drawings.  Mr. Broderick denies all remaining allegations.

99.  Answering paragraph 99, Mr. Broderick admits that a police report of a February 24, 1987 incident reflects a male made a stabbing motion with an icicle in the presence of a female employee of the Prime Minister. Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, all remaining allegations.

100.  Answering paragraph 100, Mr. Broderick admits a police report dated April 17, 1987, documents a report of indecent exposure. Mr. Broderick denies all remaining allegations.

101.  Answering paragraph 101, Mr. Broderick admits Hammond lived at 401 Skysail in Fort Collins, which was shown in an aerial photograph showing numerous other houses and apartments.

Mr. Broderick admits that some sexual murderers pose a body.  Mr. Broderick denies all remaining allegations.

102.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in the first sentence of paragraph 102.  Mr. Broderick admits that Plaintiff went to school.

103.  Answering paragraph 103, Mr. Broderick admits Hammond had a car and Plaintiff did not have a driver's license.  Mr. Broderick denies all remaining allegations.

104.   Answering paragraph 104, Mr. Broderick admits Hammond had experience with surgery and surgical procedures, as well as anatomical knowledge.  Mr. Broderick also admits Plaintiff was not an eye surgeon.  Mr. Broderick denies all remaining allegations.

105.  Paragraph 105 consists of argument, to which no response is necessary.  To the extent paragraph 105 contains factual allegations, they are denied except as otherwise admitted herein.

106.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 106.

107.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 107.

108.   Mr. Broderick denies the allegations in paragraph 108.

109.  Mr. Broderick admits the allegations in the first sentence in paragraph 109.  Mr. Broderick denies all remaining allegations, either because they are false, or because he lacks sufficient information to form a belief as to their truth.

110.   Mr. Broderick denies the allegations in paragraph 110.

111.  Mr. Broderick denies the allegations in paragraph 111.

112.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 112.

113.  Mr. Broderick denies the allegations in paragraph 113, except to admit that Hammond was not determined to be a viable suspect in the Hettrick homicide.

114.  Answering paragraph 114, Mr. Broderick admits FCPD contacted the Fort Collins City Attorney concerning destruction of contraband recovered following Hammond's arrest.  Mr. Broderick denies all remaining allegations, except to admit FCPD did not review the commercially produced pornographic tapes.

115.  Mr. Broderick denies the allegations in paragraph 115.

116.  Mr. Broderick denies the allegations in paragraph 116.

117.  Mr. Broderick denies the allegations in the first sentence of paragraph 117. The remaining allegations purportedly stem from comments from an unidentified FCPD Detective.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies the remaining allegations.

118.  Mr. Broderick denies the allegations in paragraph 118.

119.  Mr. Broderick admits that the record of the jury trial in the Masters' prosecution speaks for itself.  To the extent the record deviates from the allegations in paragraph 119, those allegations are denied.

120.  Answering paragraph 120, Mr. Broderick admits Hammond was not a suspect in the Hettrick homicide, and admits that Dr. Meloy, Plaintiff, and Plaintiff's original counsel in the

criminal case were not informed about Hammond.  Plaintiff denies all remaining allegations.

121.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 121.

122.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 122, except to admit Hettrick and Holt were killed within 9 months of each other, that Holt was raped, and that Hughes was killed in Weld County.

123.  Mr. Broderick admits the allegations in paragraph 123.

124. Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 124.

125.  Answering paragraph 125, Mr. Broderick admits that a list of suspects and other individuals was created for the district attorney's office and that Long's name was on that list.  Mr. Broderick denies all remaining allegations.

126.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 126.

127.   Mr. Broderick lacks sufficient information to form a belief about the truth of, and therefore denies, the allegations in paragraph 127.

128.  Mr. Broderick denies the allegations in paragraph 128, and states that no evidence existed to connect Long to the Hettrick homicide.

129.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 129.

130. Mr. Broderick denies the allegations in paragraph 130.

131.  Answering the allegations in paragraph 131, Mr. Broderick admits that the trial record speaks for itself and denies all allegations inconsistent with that record.  Mr. Broderick also admits Hettrick was killed near the anniversary of the death of Plaintiff's mother.

132.  Answering the first paragraph of paragraph 132, Mr. Broderick admits he was FCPD's liaison during 1987. Mr. Broderick denies the remaining allegations.

133.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 133.

134.  Answering paragraph 134, Mr. Broderick admits that the FCPD consulted with the FBI concerning potential reactions by Plaintiff around the anniversary of Hettrick's death and that FCPD monitored Plaintiff's activities around the anniversary.  Mr. Broderick denies all remaining allegations.

135.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 135.

136.  Answering paragraph 136, Mr. Broderick admits an email from a FCPD Detective reflected the FBI would deny involvement in the surveillance.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the remaining allegations.

137.  Mr. Broderick denies the allegations in the first sentence of paragraph 137.  Mr. Broderick admits a newspaper was delivered to Plaintiff's home and FCPD delivered materials to Plaintiff's friend to be delivered to Plaintiff.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the remaining allegations, except to admit FCPD was interested in Plaintiff's actions during the anniversary date of his mother's death and the Hettrick

homicide.

138.   Mr. Broderick denies the allegations in paragraph 138.

139.   Answering paragraph 139, Mr. Broderick admits Mr. Masters did not exhibit behavior the FBI indicated might occur. Mr. Broderick lacks sufficient information to form a belief about, and therefore denies, the remaining allegations.

140.   Mr. Broderick denies the allegations in paragraph 140.

141.   Mr. Broderick denies the allegations in paragraph 141.

142.   Mr. Broderick denies the allegations in paragraph 142.

143.   Mr. Broderick denies the allegations in paragraph 143

144.   Mr. Broderick denies the allegations in paragraph 144.

145.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 145.

146.   Mr. Broderick denies the allegations in paragraph 146, except to admit the FBI did not have sufficient evidence to conduct a full blood spatter analysis.

147.   Answering paragraph 147, Mr. Broderick admits that he and Reed consulted with Bevel, who prepared a report and testified at trial that the blood spatter evidence was consistent with Hettrick having been attacked at the curb and dragged into the field.  Mr. Broderick denies all remaining allegations.

148.   Mr. Broderick denies the allegations in paragraph 148, except to admit that the evidence presented at trial relied upon evidence reflecting that Hettrick was attacked by the curb and then dragged into the field.

149.  Mr. Broderick denies the allegations in paragraph 149.

150.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 150.

151.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 151.

152.  Mr. Broderick denies the allegations in paragraph 152.

153.  Answering paragraph 153, Mr. Broderick admits that numerous shoeprint impressions were found in the field where Hettrick's body was discovered.  Mr. Broderick further admits that the FBI analyzed castings, photos, and shoes and determined that one casting or print was identifiable as a Thom McAn shoeprint.  Mr. Broderick denies the remaining allegations.

154.  Mr. Broderick admits the first sentence of paragraph 154, admits that he had a discussion concerning shoeprint impressions, and admits Gonzales found and photographed a Thom McAn shoe.  Mr. Broderick denies all remaining allegations in that paragraph.

155.  Answering paragraph 155, Mr. Broderick admits that one shoe print coincided with Plaintiff's shoe and that the print from Plaintiff's shoe did not match the Thom McAn shoe.  Mr. Broderick denies all remaining allegations.

156.  Mr. Broderick denies the allegations in paragraph 156.

157.  Mr. Broderick denies the allegations in paragraph 157.

158.  Mr. Broderick denies the allegations in paragraph 158, as the photographs identified were made available to and inspected by Plaintiffs' attorneys.

159.  Mr. Broderick denies the allegations in paragraph 159.

160.   Answering paragraph 160, Mr. Broderick admits that Gilmore and Blair did not call Wagner as a witness at trial.  Mr. Broderick denies all remaining allegations.

161.   Answering paragraph 161, Mr. Broderick admits that on July 8, 2008, DA Buck issued a report rejecting the claim of Plaintiff and his attorneys that Mr. Broderick engaged in criminal wrongdoing.  Mr. Broderick admits that the record of his trial testimony and the contents of the Buck Report speaks for themselves.  Any allegations inconsistent with the transcript from the trial and from the Buck Report are denied.

162.   Mr. Broderick denies the allegations in paragraph 162.

163.   Answering paragraph 163, Mr. Broderick admits that Dr. Meloy had expertise in sexual homicides and evaluated evidence and testified in the criminal prosecution of Plaintiff.  Mr. Broderick denies all remaining allegations.

164.   Answering paragraph 164, Mr. Broderick denies highly exculpatory information was intentionally withheld from Dr. Meloy.  Mr. Broderick admits that evidence concerning Hammond and Long was not provided to Dr. Meloy.  Mr. Broderick denies all remaining allegations, except to admit that a transcript of the recorded conversation between Mr. Broderick and Plaintiff was not provided to Dr. Meloy.

165.   Answering paragraph 165, Mr. Broderick denies all allegations, including the suggestion that FCPD "planted" an obituary and that they concealed that "fact" from Dr. Meloy.

166.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 166.

167.   As Mr. Broderick was not present when Dr. Meloy allegedly related the factual

allegations in paragraph 167, Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, those allegations.

168.  Mr. Broderick denies the allegations in the first sentence of paragraph 168.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies the remaining allegations.

169.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 169.

170.  Mr. Broderick denies the allegations in paragraph 170.

171.  Mr. Broderick denies the allegations in paragraph 171.

172.  Answering paragraph 172, Mr. Broderick admits workable latent fingerprints were found in Hettrick's purse that were not Plaintiff's.  Mr. Broderick admits the hair could not be determined to have come from Plaintiff.

173.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 173.

174.  Mr. Broderick denies the allegations in paragraph 174.

175.  Mr. Broderick denies the allegations in paragraph 175.

176.  Mr. Broderick denies the allegations in paragraph 176.

177.  Mr. Broderick admits the allegations in paragraph 177.

178.  Mr. Broderick admits the allegations in paragraph 178.

179.  Answering paragraph 179, Mr. Broderick admits he received advice and assistance with respect to drafting the affidavit.  Mr. Broderick denies the remaining allegations.

180.  Mr. Broderick denies the allegations in paragraph 180.

181.  Mr. Broderick denies the allegations in paragraph 181.

182.  Mr. Broderick admits the allegations in paragraph 182.

183.  Mr. Broderick denies the allegations in paragraph 183.

184.  Answering paragraph 184, Mr. Broderick admits that the content of the affidavit speaks for itself.  Mr. Broderick denies all remaining allegations.

185.  Answering paragraph 185, Mr. Broderick denies that he testified falsely and states the record of his testimony he provided speaks for itself.  To the extent the allegations here are inconsistent with that record, the allegations are denied.  Mr. Broderick denies all remaining allegations.

186.  Mr. Broderick admits the first four sentences of paragraph 186.  Mr. Broderick denies all remaining allegations.

187.  Answering paragraph 187, Mr. Broderick admits that he consulted with Meloy and Hazelwood and that the content of the affidavit he prepared speaks for itself.  Mr. Broderick denies all remaining allegations.

188.  Mr. Broderick denies the allegations in paragraph 188.

189.  Mr. Broderick denies the allegations in paragraph 189.

190.  Answering paragraph 190, Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in the first and third sentences of paragraph 190.  Mr. Broderick denies all remaining allegations.

191.  Mr. Broderick denies the allegations in paragraph 191.

192.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 192.

193.   Mr. Broderick admits the allegations in paragraph 193.

194.   Answering paragraph 194, Mr. Broderick admits he was a witness in the proof evident presumption great hearing and believed the evidence was and would be sufficient to establish Plaintiff's guilt beyond a reasonable doubt.   Mr. Broderick denies all remaining allegations.

195.   Mr. Broderick denies the allegations in paragraph 195.

196.   Answering paragraph 196, Mr. Broderick admits that the record of his testimony speaks for itself.   Mr. Broderick denies all factual allegations inconsistent with that record.   Mr. Broderick denies all remaining allegations in that paragraph.

197.   Mr. Broderick denies the allegations in the first sentence in paragraph 197, except to admit that he testified truthfully in response to the questions he was asked.   Mr. Broderick denies Plaintiff's allegation that he withheld a significant amount of highly exculpatory documents from Dr. Meloy and all remaining allegations.

198.   Mr. Broderick denies the allegations in paragraph 198.

199.   Mr. Broderick denies the allegations in paragraph 199.

200.   Mr. Broderick admits the allegations in the first sentence of paragraph 200, except to state that he received the Wheeler-Holloway files.   Mr. Broderick denies the remaining allegations.

201.   Mr. Broderick denies the allegations in paragraph 201.

202.   Mr. Broderick lacks sufficient information to form a belief as to, and therefore denies, the allegations in paragraph 202.

203.   Mr. Broderick admits the allegations in paragraph 203.

204.   Mr. Broderick admits the allegations in paragraph 204.

205.   Mr. Broderick denies the allegations in paragraph 205.

206.   Mr. Broderick denies the allegations in paragraph 206.

207.   Mr. Broderick denies the allegations in paragraph 207.

208.   Mr. Broderick denies the allegations in paragraph 208.

209.   Mr. Broderick denies the allegations in paragraph 209.

210.   Answering paragraph 210, Mr. Broderick admits that Plaintiffs' post-conviction counsel sought the release of evidence to engage in DNA testing that would destroy the available DNA sample.   The record of the proceedings before the presiding judge speaks for itself, and allegations that are contrary to that record Mr. Broderick denies.

211.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 211.

212.   Mr. Broderick denies the allegations in paragraph 212.

213.   Mr. Broderick denies the allegations in paragraph 213, except to admit that evidence was released to CBI and that, upon information and belief, CBI followed standard testing procedures and protocol.

214.   Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 214.

215.   Mr. Broderick denies the allegations in paragraph 215.

216.   Mr. Broderick denies the allegations in paragraph 216.

217.  Mr. Broderick denies the allegations in paragraph 217, except to admit that he received a subpoena in the post-conviction proceeding to produce certain documents.

218.  Mr. Broderick denies the allegations in paragraph 218.

219.  Mr. Broderick denies the allegations in paragraph 219.

220.  Mr. Broderick denies the allegations in paragraph 220.

221.  Mr. Broderick admits the allegations in the first sentence of paragraph 221. Mr. Broderick denies all remaining allegations.

222.  Mr. Broderick denies the allegations in paragraph 222, except to admit that Hammond's medical records were irrelevant and in Lammons's and Riedel's view, privileged.

223.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 223.

224.  Mr. Broderick denies the allegations in paragraph 224, except to admit that, as argued by Lammons and Riedel, as well as by the special prosecutors from the Seventeenth Judicial District, Hammond was not, as a matter of law, an alternative suspect,.

225.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 225.

226.  Mr. Broderick denies the allegations in paragraph 226.

227.  Mr. Broderick denies the allegations in paragraph 227.

228.  Mr. Broderick denies the allegations in paragraph 228, except to admit that every prosecutor involved in the criminal action brought against Plaintiff agrees that Hammond is not, as a matter of law, a viable alternative suspect.

229.  Mr. Broderick admits the allegations in paragraph 229.

230.  Mr. Broderick denies the allegations in paragraph 230.

231.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 231.

232.  Mr. Broderick denies the allegations in paragraph 232.

233.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in first sentence of paragraph 233.  Mr. Broderick also admits his memorandum referred to work product privilege.  Mr. Broderick denies all remaining allegations.

234.  Mr. Broderick denies the allegations in paragraph 234.

235.  Answering paragraph 235, Mr. Masters admits many officers were involved in the 1988 surveillance. Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, all remaining allegations.

236.  Answering paragraph 236, Mr. Broderick admits that he communicated with Gilmore about various aspects of the Masters criminal case, including opinions shared by Hazelwood.  Mr. Broderick denies all remaining allegations.

237.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations  in paragraph 237.

238.  Mr. Broderick denies the allegations in paragraph 238.

239.  Answering paragraph 239, Mr. Broderick admits he works for the FCPD, admits Plaintiff remains a suspect in the Hettrick homicide, and understands that the Colorado Attorney's Office is continuing investigation into the Hettrick homicide.

240.  Answering paragraph 240, Mr. Broderick admits that the Colorado Attorney General's office is continuing investigation into the Hettrick homicide.

241.  Mr. Broderick denies the allegations in paragraph 241.

242.  Mr. Broderick denies the allegations in paragraph 242.

243.  Mr. Broderick denies the allegations in paragraph 243.

244.  Mr. Broderick denies the allegations in paragraph 244.

245.  Mr. Broderick denies the allegations in paragraph 245.

246.  Mr. Broderick denies the allegations in paragraph 246.

247.  Mr. Broderick denies the allegations in paragraph 247.

248.  Mr. Broderick denies the allegations in paragraph 248.

249.  Mr. Broderick denies the allegations in paragraph 249.

250.  Mr. Broderick denies the allegations in paragraph 250.

251.  Mr. Broderick denies the allegations in paragraph 251.

252.  Mr. Broderick denies the allegations in paragraph 252.

253.  Mr. Broderick denies the allegations in paragraph 253.

254.  Answering paragraph 254, Mr. Broderick states that the OAR report speaks for itself and any allegations contrary to what is stated in the report are denied.

255.  Mr. Broderick denies the allegations in paragraph 255.

256.  Mr. Broderick denies the allegations in paragraph 256.

257.  Mr. Broderick denies the allegations in paragraph 257.

## STATEMENT OF CLAIMS
### First Claim for Relief

258.  Answering paragraph 258, Mr. Broderick incorporates all previous responses.

259.  Mr. Broderick admits the allegations in paragraph 259.

260.  Mr. Broderick denies the allegations in paragraph 260.

261.  Mr. Broderick denies the allegations in paragraph 261.

262.  Mr. Broderick denies the allegations in paragraph 262.

263.  Mr. Broderick denies the allegations in paragraph 263.

264.  Mr. Broderick denies the allegations in paragraph 264.

265.  Mr. Broderick denies the allegations in paragraph 265.

266.  Mr. Broderick denies the allegations in paragraph 266.

267.  Mr. Broderick denies the allegations in paragraph 267.

268.  Mr. Broderick denies the allegations in paragraph 268.

269.  Mr. Broderick denies the allegations in paragraph 269.

270.  Mr. Broderick denies the allegations in paragraph 270.

271.  Mr. Broderick lacks sufficient information to form a belief as to the truth of, and therefore denies, the allegations in paragraph 271, except to admit that Harrison is responsible for implementing and in some circumstances creating policies for members of the FCPD.

272.  Mr. Broderick denies the allegations in paragraph 272.

273.  Mr. Broderick denies the allegations in paragraph 273.

274.  Mr. Broderick denies the allegations in paragraph 274.

## Second Claim for Relief

275.  In response to paragraph 275, Mr. Broderick incorporates his previous responses.

276.   Mr. Broderick admits the allegations in paragraph 276.

277.   Mr. Broderick denies the allegations in paragraph 277.

278.  Mr. Broderick denies the allegations in paragraph 278.

279.  Mr. Broderick denies the allegations in paragraph 279.

280.    Answering paragraph 280, Mr. Broderick admits that he was familiar with the Hammond investigation and facts related thereto.  Mr. Broderick denies all remaining allegations.

281.  Answering paragraph 281, Mr. Broderick admits that FCPD did not further investigate Long once they determined he was not a viable suspect in the Hettrick homicide.  Mr. Broderick denies that information relating to Long constituted exculpatory evidence.  Mr. Broderick denies all other allegations in paragraph 281.

282.   Mr. Broderick admits the allegations in the first sentence of paragraph 282.  Mr. Broderick denies the remaining allegations.

283.  Mr. Broderick denies the allegations in paragraph 283.

284.  Mr. Broderick denies the allegations in paragraph 284.

285. Mr. Broderick denies the allegations in paragraph 285.

286. Mr. Broderick denies the allegations in paragraph 286.

287.  Mr. Broderick denies the allegations in paragraph 287.

288.  Mr. Broderick denies the allegations in paragraph 288.

289.  Mr. Broderick denies the allegations in paragraph 289.

290.   Mr. Broderick denies the allegations in paragraph 290.

291.   Mr. Broderick denies the allegations in paragraph 291.

**Third Claim for Relief**

292.   Answering paragraph 292, Mr. Broderick incorporates his previous responses.

293.   Mr. Broderick admits the allegations in paragraph 293.

294.   Mr. Broderick denies the allegations in paragraph 294.

295.   Mr. Broderick denies the allegations in paragraph 295 and notes he never spoke to Dr. Tsoi nor was he aware of Dr. Tsoi having rendered opinions on the Hettrick homicide.

296.   Answering paragraph 296, Mr. Broderick admits that he was familiar with the facts involving the Hammond investigation.  Mr. Broderick denies all remaining allegations.

297.   Mr. Broderick admits the allegations in the first sentence and denies the allegations in the second sentence of paragraph 297.

298.   Mr. Broderick denies the allegations in paragraph 298, except to admit that Dr. Meloy wanted information relevant to the areas upon which he would be expressing an opinion, information that was provided to him.

299.   Mr. Broderick denies the allegations in paragraph 299.

300.   Mr. Broderick denies the allegations in paragraph 300, except to admit, upon information and belief, that VanMeveren knew about Dr. Meloy's involvement in the case.

301.   Mr. Broderick denies the allegations in paragraph 301.

302.   Mr. Broderick denies the allegations in the first sentence of paragraph 302.  Mr. Broderick admits the allegations in the second sentence, but denies all remaining allegations.

30

303.   Mr. Broderick denies the allegations in paragraph 303.

304.   Mr. Broderick denies the allegations in paragraph 304.

305.   Mr. Broderick denies the allegations in paragraph 305.

306.   Mr. Broderick denies the allegations in paragraph 306.

307.   Mr. Broderick denies the allegations in paragraph 307.

308.   Mr. Broderick denies the allegations in paragraph 308.

309.   Mr. Broderick denies the allegations in paragraph 309.

310.   Mr. Broderick denies the allegations in paragraph 310.

### Fourth Claim for Relief

311.   Answering paragraph 311, Mr. Broderick incorporates his previous responses.

312.   Mr. Broderick admits the allegations in paragraph 312.

313.   Mr. Broderick denies the allegations in paragraph 313.

314.   Mr. Broderick denies the allegations in paragraph 314.

315.   Mr. Broderick denies the allegations in paragraph 315.

316.   Mr. Broderick denies the allegations in paragraph 316.

317.   Mr. Broderick denies the allegations in paragraph 317.

318.   Mr. Broderick denies the allegations in paragraph 318.

319.   Mr. Broderick denies the allegations in paragraph 319.

320.   Mr. Broderick denies the allegations in paragraph 320.

321.   Mr. Broderick denies the allegations in paragraph 321.

322.   Mr. Broderick denies the allegations in paragraph 322.

**Fifth Claim for Relief**

323.   Answering paragraph 323, Mr. Broderick incorporates his previous responses.

324.   Mr. Broderick admits the allegations in paragraph 324.

325.   Mr. Broderick denies the allegations in paragraph 325.

326.   Mr. Broderick denies the allegations in paragraph 326.

327.   Mr. Broderick denies the allegations in paragraph 327.

328.   Mr. Broderick denies the allegations in paragraph 328.

329.   Mr. Broderick denies the allegations in paragraph 329.

330.   Mr. Broderick denies the allegations in paragraph 330.

331.   Mr. Broderick denies the allegations in paragraph 331.

332.   Mr. Broderick denies the allegations in paragraph 332.

333.   Mr. Broderick denies the allegations in paragraph 333.

334.   Mr. Broderick denies the allegations in paragraph 334.

335.   Mr. Broderick denies the allegations in paragraph 335.

**Sixth Claim for Relief**

336.   Answering paragraph 336, Mr. Broderick incorporates his previous responses.

337.   Mr. Broderick admits the allegations in paragraph 337.

338.   Answering paragraph 338, Mr. Broderick admits that all individuals have a protected liberty interest in their freedom from incarceration.

339.   Mr. Broderick denies the allegations in paragraph 339.

340.   Mr. Broderick denies the allegations in paragraph 340.

341.   Mr. Broderick denies the allegations in paragraph 341.

342.   Mr. Broderick denies the allegations in paragraph 342.

343.   Mr. Broderick denies the allegations in paragraph 343.

344.   Mr. Broderick denies the allegations in paragraph 344.

345.   Mr. Broderick denies the allegations in paragraph 345.

346.   Mr. Broderick denies the allegations in paragraph 346.

347.   Mr. Broderick denies the allegations in paragraph 347.

348.   Mr. Broderick denies the allegations in paragraph 348.

## Seventh Claim for Relief

349.   Answering paragraph 349, Mr. Broderick incorporates his previous responses.

350.   Mr. Broderick admits the allegations in paragraph 350.

351.   Mr. Broderick denies the allegations in paragraph 351.

352.   Mr. Broderick denies the allegations in paragraph 352.

353.   Mr. Broderick denies the allegations in paragraph 353.

354.   Mr. Broderick denies the allegations in paragraph 354.

355.   Mr. Broderick denies the allegations in paragraph 355.

356.   Mr. Broderick denies the allegations in paragraph 356, except to admit that Gilmore and Blair worked closely with Broderick and Reed on cases, including the Masters prosecution.

357.   Mr. Broderick denies the allegations in paragraph 357.

358.   Mr. Broderick denies the allegations in paragraph 358.

## GENERAL DENIAL

Mr. Broderick denies each factual allegation in the numbered paragraphs in the Complaint he did not specifically admit.  To the extent Plaintiff's Introduction (Complaint at pp. 1-3) purports to assert factual allegations, those allegations are also denied, unless expressly admitted.

## AFFIRMATIVE DEFENSES

1.  The Complaint contains claims which may fail to state a claim upon which relief may be granted.

2.  Plaintiff's claims against Mr. Broderick are barred under the doctrine of qualified immunity.

3.  Plaintiff's claims against Mr. Broderick are barred under the doctrine of absolute immunity.

4.  Plaintiff's claims against Mr. Broderick in his official capacity are duplicative of any such claim against the City of Fort Collins, negating any such claim.

5.  Plaintiff was afforded due process, together with all rights, privileges, and immunities guaranteed by the Constitution during his prosecution and all post-conviction proceedings.  Any alleged denial of such rights or privileges fails to achieve the level of a constitutional violation sufficient to state a claim under Title 42 U.S.C. § 1983.

6.  Mr. Broderick's actions or inactions were objectively reasonable and taken in good faith in the lawfulness of his conduct.  Mr. Broderick acted according to established common law, Colorado statutes, and Constitutional obligations, and lacked the requisite intent necessary to

establish a claim under Title 42 U.S.C. § 1983.

7. Plaintiff's claims are barred by the statutes of limitation, statutes of repose, or both, applicable to Plaintiff's claims.

8. Mr. Broderick engaged in no conduct that caused Plaintiff to suffer any injury to a legally or constitutionally protected right or interest.

9. Plaintiff's damages, if any, are the result of the actions of third parties over whom Mr. Broderick had no control.

10. Plaintiff's damages, if any, are the result of Plaintiff's own conduct.

11. Plaintiff has failed to mitigate his damages, if any, and any award of damages is subject to offset or reduction in accordance with applicable law.

12. Plaintiff's claim for punitive damages against Mr. Broderick is barred, subject to reduction, or otherwise unconstitutional under the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution and Article II, Section 25 of the Colorado Constitution.

13. Mr. Broderick incorporates by reference all applicable affirmative defenses asserted by any other Defendant in this action.

14. Mr. Broderick reserves the right to assert additional affirmative defenses should he deem additional defenses necessary or appropriate.

WHEREFORE, Mr. Broderick requests that Plaintiff take nothing in this action and that the Court grant judgment in favor or Mr. Broderick, together with an award of costs, attorney fees, and such other relief Mr. Broderick may request or which the Court determines just.

## **JURY DEMAND**

Mr. Broderick requests a jury trial in this matter.

DATED this  6th day of May, 2009.

> **DILL DILL CARR STONBRAKER**
> **& HUTCHINGS, P.C.**
>
>  s/ Patrick D. Tooley
> Patrick D. Tooley, #15273
> Thomas M. Dunn, #9395
> 455 Sherman Street, Ste 300
> Denver, CO 80203
> 303-777-3737 ph.
> 303-777-3823 fax
> pdtooley@dillanddill.com
> tdunn@dillanddill.com
> ***Attorneys for James Broderick***

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May, 2009, I served a true copy of the foregoing ANSWER OF JAMES BRODERICK TO AMENDED COMPLAINT AND JURY DEMAND via email or electronic service addressed to:

***Attorneys for Timothy Masters:***
David A. Lane
Sara J. Rich
Althea S. Licht
Rebecca T. Wallace
Killmer, Lane & Newman, LLP
The Oddfellows Hall
1543 Champa Street, Suite 400
Denver, Colorado 80202
(303) 571-1000
(303) 571-1001 Fax
dlane@kln-law.com
*and*
David Wymore
3855 N. 26th Street
Boulder, CO 80304
303-946-3397
dwymore26@comcast.net
*and*
Maria Liu
Collins, Liu & Lyons, LLP
812 Eighth Street Plaza
Greeley, CO 80631
970-336-6499
970-353-0214 fax
maria@cotriallaw.com

***Attorneys for City of Fort Collins, Marsha Reed, Dennis Harrison:***
Thomas J. Lyons
Andrew David Ringel
Hall & Evans, LLC-Denver
1125 17th Street, #600
Denver, CO 80202-2037
303-628-3300

303-293-3238 fax
lyonst@hallevans.com
ringela@hallevans.com

***Attorneys for Terrence A. Gilmore:***
Jon N. Banashek
Josh Adam Marks
Berg Hill Greenleaf & Ruscitti, LLP
1712 Pearl Street
Boulder, CO 80302
303-402-1600
303-402-1601 fax
jnb@bhgrlaw.com

***Attorneys for Jolene C. Blair:***
Craig Lewis Truman
Craig L. Truman, P.C.
1444 Wazee Street, #205
Denver, CO 80202-1326
303-595-8008
craig@cltrumanlaw.com
*and*
Kevin J. Kuhn
Sean T. Olson
Wheeler Trigg Kennedy LLP
1801 California Street, Ste 3600
Denver, CO 80202
303-244-1800
kuhn@wtklaw.com
olson@wtklaw.com

***Attorneys for Stuart Vanmevern, Larry Abrahamson, Eighth Judicial District of Colorado:***
George Hass H.
Harden Hass Haag & Hallberg PC
PO Box 1606
Fort Collins, CO 80522
224 Canyon Ave, Ste 200
Fort Collins, CO 80521
970-482-7777
970-482-8084
george@hshh.com

 s/ Michele Overton