IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-02278-LTB-KLM

TIMOTHY MASTERS,

      Plaintiff,

v.

TERENCE A. GILMORE, Former Deputy District Attorney of the Eighth Judicial District, in his
      individual capacity;
JOLENE C. BLAIR, Former Deputy District Attorney of the Eighth Judicial District, in her
      individual capacity;
JAMES BRODERICK, Lieutenant in the Fort Collins Police Department, in his individual and
      official capacities;
MARSHA REED, Former Detective in the Fort Collins Police Department, in her individual
      capacity;
DENNIS V. HARRISON, Chief of the Fort Collins Police Department, in his individual and
      official capacities;
CITY OF FORT COLLINS a municipality;
STUART VANMEVEREN, Former District Attorney of the Eighth Judicial District, in his
      individual capacity;
LARRY ABRAHAMSON, District Attorney of the Eighth Judicial District, in his official
      capacity;
EIGHTH JUDICIAL DISTRICT OF COLORADO, a political subdivision of the State of
      Colorado,
BOARD OF COUNTY COMMISSIONERS OF LARIMER COUNTY; a political subdivision
      of the State of Colorado
LARIMER COUNTY, a county,

      Defendants.

---

## PROTECTIVE ORDER

---

Pursuant to the Joint Stipulated Motion for Protective Order filed by Plaintiff and
Defendants Broderick, Reed, Harrison, and City of Fort Collins, the Court enters this Protective
Order.

1.     This Protective Order applies to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.     As used in this Protective Order, the term "document" has the meaning set forth in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

3.     Any party may, at any time, designate a served, disclosed, or filed document "Confidential" if, after review by a lawyer, the lawyer certifies that the designation as "Confidential" is based on a good faith belief that the document contains nonpublic personal, personnel, employment, financial and/or tax records, medical, or other information implicating privacy or proprietary interests of either the Plaintiff, the Defendants or a third party.   The documents so designated will be deemed "Confidential Material" subject to this Protective Order.

4.     Confidential Material is subject to the following restrictions.   Confidential Material may be used only for the limited purpose of preparing for and conducting this civil action (including any appeals), and must not be disclosed in any way to anyone except:

(a)     attorneys actively working on this case;

(b)     persons regularly employed or associated with the attorneys actively working on the case;

(c)     the parties, including Defendants' designated representatives and insurers;

(d)     stenographic reporters who are engaged in proceedings in this action;

(e)     the Court and its employees ("Court Personnel");

2

(f)    retained expert witnesses and consultants;

(g)    deponents, witnesses, or potential witnesses; and

(h)    other persons by written agreement of the parties;

5.    For any disclosures under Paragraph 4(f) through (h), the person to whom the Confidential Information is being disclosed must first sign the Confidentiality Agreement attached to this Protective Order as Exhibit A, copies of which must be retained by the attorney making the disclosure.

6.    This Protective Order does not prohibit or restrain any party from performing the tasks necessary to conduct discovery or prepare for trial. Rather, this Protective Order is designed to prevent the unwarranted disclosure of Confidential Material.

7.    No documents containing Confidential Material may be reproduced except as necessary in the litigation of this action. Any copy of a document containing or summarizing Confidential Information must be stamped "CONFIDENTIAL." The inadvertent, unintentional, or *in camera* disclosure of Confidential Material will not, under any circumstances, be deemed a waiver, in whole or in part, of any claims of confidentiality.

8.    Counsel must advise, instruct, and supervise their associates, staff, and employees to preserve the confidentiality of Confidential Material. Counsel must also advise their clients about the requirements of this Protective Order.

9.    Documents are designated as Confidential Material by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

10.    Whenever deposition testimony involves the disclosure of Confidential Material, the testimony should be identified on the record as Confidential wherever possible. A party may

3

later designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after the court reporter has notified counsel that the deposition transcript has been completed.  Those portions of the original transcripts that contain Confidential Material shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," at the beginning of the text which has been designated CONFIDENTIAL and the cover page of the transcripts that contain Confidential Material shall bear the legend "CONTAINS CONFIDENTIAL PORTIONS."

11.    A party may object to the designation of a document as Confidential Material by giving written notice to the designating party.  The written notice must identify the information to which objection is made.  If the parties cannot resolve the objection within ten (10) business days after notice is received, the designating party may file an appropriate motion seeking a ruling from the Court whether the disputed information should be deemed Confidential Material. The disputed information must be treated as Confidential Material until the Court rules on the motion, a motion on which the designating party will bear the burden of establishing good cause to treat the information as Confidential.  If the designating party fails to timely file such a motion, the disputed information will lose its designation as Confidential Material.

12.    The obligation to preserve the confidentiality of Confidential Material survives the termination of this action, except for Confidential Material that is disclosed at trial.  The Court will retain continuing jurisdiction to enforce the terms of this Protective Order.

13.    Stamped confidential documents may be included with or attached to motions under Federal Rules of Civil Procedure 12 and 56, motions to determine confidentiality under this Protective Order, and motions related to discovery disputes or other matters where the

4

confidential documents are relevant to the motion.  Nothing in this Protective Order precludes or *~the filing of* ~~requires a party~~ *to file* ~~from filing~~ a Motion to Seal under D.C.Colo.LCivR 7.2.  *However, Confidential Material will not be sealed absent entry of an Order to seal upon filing of such a motion.*

14.    This Protective Order may be modified by the Court at any time for good cause *(KLM)*

shown following notice to all parties and an opportunity for them to be heard.

15.    Nothing in this Protective Order will prevent any party or other person from

seeking modification of this order or from objecting to discovery that the party or other person

believes to be improper.  Nothing in this Protective Order will prejudice the right of any party to

contest the alleged relevancy, admissibility, or discoverability of confidential documents or

information sought.

Dated this _6th_ day of August 2009.

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-CV-02278-LTB-KLM

TIMOTHY MASTERS,

     Plaintiff,

v.

TERENCE A. GILMORE, Former Deputy District Attorney of the Eighth Judicial District, in his
    individual capacity;
JOLENE C. BLAIR, Former Deputy District Attorney of the Eighth Judicial District, in her
    individual capacity;
JAMES BRODERICK, Lieutenant in the Fort Collins Police Department, in his individual and
    official capacities;
MARSHA REED, Former Detective in the Fort Collins Police Department, in her individual
    capacity;
DENNIS V. HARRISON, Chief of the Fort Collins Police Department, in his individual and
    official capacities;
CITY OF FORT COLLINS a municipality;
STUART VANMEVEREN, Former District Attorney of the Eighth Judicial District, in his
    individual capacity;
LARRY ABRAHAMSON, District Attorney of the Eighth Judicial District, in his official
    capacity;
EIGHTH JUDICIAL DISTRICT OF COLORADO, a political subdivision of the State of
    Colorado,
BOARD OF COUNTY COMMISSIONERS OF LARIMER COUNTY; a political subdivision
    of the State of Colorado
LARIMER COUNTY, a county,

     Defendants.

---

**EXHIBIT A TO PROTECTIVE ORDER – CONFIDENTIAL AGREEMENT**

---

     I, _____, the undersigned, pursuant to 28 U.S.C.
§ 1746, acknowledge that I have received, read, and understand the terms and conditions of the
Protective Order in this action.  I agree to abide by the Protective Order and will keep all such
information and materials disclosed to me strictly and absolutely confidential.

     My current address and telephone number is:    _____

                                                  _____

                                                _____
                                                Signature

6