IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Judge

Civil Action No. 08-cv-02278- LTB - KLM

TIMOTHY MASTERS,

    Plaintiff,

v.

TERENCE A. GILMORE, Former Deputy District Attorney of the Eight Judicial District, in his individual capacity;
JOLENE C. BLAIR, Former Deputy District Attorney of the Eight Judicial District, in her individual capacity;
JAMES BRODERICK, Lieutenant of the Fort Collins Police Department, in his individual and official capacities;
MARSHA REED, Former Detective in the Fort Collins Police Department, in her individual capacity;
DENNIS V. HARRISON, Chief of the Fort Collins Police Department, in his individual and official capacities;
CITY OF FORT COLLINS, a municipality;
STUART VANMEVEREN, Former District Attorney of the Eight Judicial District, in his individual capacity;
LARRY ABRAHAMSON, District Attorney of the Eight Judicial District, in his official capacity;
EIGHTH JUDICIAL DISTRICT OF COLORADO, a political subdivision of the State of Colorado;
BOARD OF COUNTY COMMISSIONERS OF LARIMER COUNTY, a political subdivision of the State of Colorado; and
LARIMER COUNTY, a county,

    Defendants.
_____

ORDER
_____

    This case is before me on Defendants Board of County Commissioners of Larimer County (the "Board") and Larimer County's (the "County) Rule 12 Motion to Dismiss for Failure to State a Claim [**Doc # 93**].  Oral argument will not materially aid resolution of the motion.  After consideration of the motion and all related pleadings, I grant the motion.

## I. Background

The issue raised by the Board and County's (collectively the "County Defendants") motion to dismiss is whether these Defendants can be held liable for the policies, practices, and customs of the office of the district attorney (the "DA's Office") for the Eighth Judicial District. In resolving this issue, the parties do not dispute that the Board funds the DA's Office but that neither the Board nor the County have the authority to supervise its activities. The County Defendants argue that their lack of supervisory authority over the DA's Office establishes that they cannot be held liable for the claims asserted against the DA Defendants as a matter of law while Mr. Masters contends that the law on this issue is unclear and that the County Defendants therefore cannot establish that he has failed to assert plausible claims against them.

## II. Standard for Review

Under Rule 12(b)(6), "[d]ismissal is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face." *United States ex rel. Conner v. Salina Regional Health Center,* 543 F.3d 1211, 1217 (10th Cir. 2008) (quotations and citations omitted). A claim is plausible on its face "when the plaintiff pleads factual content that enables the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* — U.S. —, 127 S.Ct. 1937, 1949 (2009) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

Although plaintiffs need not provide "detailed factual allegations" to survive a motion to dismiss, they must provide more than "labels and conclusions" or "a formulaic recitation of the

elements of a cause of action." *Twombly*, 550 U.S. at 555.  *See also Ashcroft,* 129 S.Ct. at 1949 (a complaint will not suffice if it tenders "naked assertions devoid of further factual enhancement"). Furthermore, conclusory allegations are "not entitled to be assumed true." *Ashcroft*, 129 S.Ct. at 1950.

### III.  Analysis

The County Defendants cite little authority to support their argument that their lack of supervisory authority over the DA's Office establishes that they cannot be held liable for the claims asserted against the DA Defendants as a matter of law.  Nonetheless, the County Defendants have cited authority to demonstrate that the Eighth Judicial District and Larimer County are distinct public entities and that district attorneys are officials of the judicial districts.   *See* Colorado Constitution, Art. VI & XIV.

Although Mr. Masters cites significant legal authority, the cited authority fails to demonstrate that the County Defendants may be liable for the DA Defendants' unconstitutional policies, customs and/or practices.  First, in *Monell v. Dept. of Soc. Serv.,* 436 U.S. 658, 690-91 (1973), the Supreme Court recognized that local governments can be sued under Section 1983 "where ... the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or "for constitutional deprivations visited pursuant to governmental 'custom.'"  The County Defendants' undisputed lack of supervisory authority over the DA Defendants, which consist of a separate public entity and its representatives, demonstrates that neither they nor their officers could have officially adopted or promulgated any policy statement, ordinance, regulation, or decision, or maintained any custom that led to alleged unconstitutional actions against Mr. Masters.  Mr. Masters' reliance on authority

3

holding counties liable for the actions of the sheriff and sheriff department employees is also unpersuasive since, unlike the DA Defendants, these public officials are employees of the county. *See* Colorado Constitution, Art. XIV, § 8.5.  *Compare Tisdel v. Bd. of County Comm'rs of Bent County,* 621 P.2d 1357, 1361 (Colo. 1980) ("The district attorney is a state public officer.").

Since the Eighth Judicial District and Larimer County are distinct public entities and Defendant Abrahamson is an official of the Eighth Judicial District, I conclude that Mr. Masters' has failed to state a claim against the County Defendants upon which relief may be granted.

IT IS THEREFORE ORDERED that

1.  The County Defendants' Rule 12 Motion to Dismiss for Failure to State a Claim **[Doc #93**] is GRANTED; and

2. Plaintiff's claims against Defendants Board of County Commissioners of Larimer County and Larimer County are hereby DISMISSED.


Dated: August   21  , 2009 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE

4