IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  08-cv-02278-LTB-KLM

TIMOTHY MASTERS,

     Plaintiff,

v.

TERRENCE A. GILMORE, Former Deputy District Attorney of the Eighth Judicial District,
in his individual and official capacities;
JOLENE C. BLAIRE, Former Deputy District Attorney of the Eighth Judicial District, in her
individual and official capacities;
JAMES BRODERICK, Lieutenant in the Fort Collins Police Department, in his individual
and official capacities;
MARSHA REED, Former Detective in the Fort Collins Police Department, in her individual
and official capacities;
DENNIS V. HARRISON, Chief of the Fort Collins Police Department, in his individual and
official capacities;
CITY OF FORT COLLINS, a municipality;
STUART VANMEVEREN, Former Deputy District Attorney of the Eighth Judicial District,
in his individual and official capacities;
LARRY ABRAHAMSON, District Attorney of the Eighth Judicial District, in his official
capacity;
EIGHTH JUDICIAL DISTRICT OF COLORADO,

     Defendants.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

     This matter is before the Court on the Office of the Adams County District Attorney's

**Objection and Motion to Quash Subpoena or, in the Alternative, for a Protective**

**Order** [Docket No. 135; Filed October 7, 2009] (the "Motion").  Plaintiff has filed a

Response [Docket No. 139].  The Court has reviewed the Motion, the Response, the entire

case file and applicable case law and is sufficiently advised in the premises.[1]  For the

reasons stated below, the Motion is **denied**.

## Background

Plaintiff Timothy Masters brings this action under 42 U.S.C. § 1983 based on his

alleged wrongful arrest, conviction, and imprisonment for the murder of Peggy Hettrick.  He

asserts claims against officers in the Fort Collins Police Department, former prosecutors

for the Eighth Judicial District, and the government entities for whom the individual

Defendants were employed. Plaintiff alleges that Defendants inadequately investigated the

Hettrick murder and manipulated evidence during the investigation by destroying

exculpatory evidence and manufacturing false, inculpatory evidence, in order to wrongfully

prosecute and obtain a murder conviction against him.

On September 24, 2009, Plaintiff served a subpoena upon a non-party, Justin

Moore, Chief Trial Deputy, Adams County District Attorney's Office. The subpoena requests

"[a]ny and all documents, including notes, tapes, electronic media and any other items

pertaining to a presentation made to a group of prosecutors regarding Tim Masters."

*Motion* [#135] at 9.  The subpoena requests materials allegedly used in a presentation

made by Justin Moore at the Colorado District Attorneys Council's fall conference on

September 16, 2009.

According to Plaintiff, the presentation involved his prosecution and conviction.

---

[1] My procedures require that counsel call me prior to filing contested discovery motions, even when such motions involve non-parties.  *See Order* [Docket No. 120; Filed July 21, 2009] at p. 15.  The dispute at issue here is between Plaintiff and non-party Justin Moore. In the future, Plaintiff's counsel should notify the non-party of my procedures and arrange for a conference call to the Court before a contested discovery motion is filed.

*Response* [#139] at 2.  He asserts that Adams County District Attorney Don Quick and Mr. Moore were involved in post-conviction proceedings in Plaintiff's criminal case and ultimately decided to dismiss the charges against him.  *Id.* at 3.  Plaintiff claims that an eyewitness told him that at the conference Moore "implied that [Plaintiff] was guilty ... and the charges against him were only dismissed based on a 'technicality.'"  *Id.* Plaintiff concludes that  Adams County "apparently" continues to assert Plaintiff's guilt and to cause damage to his reputation.  *Id.*  Therefore, Plaintiff asserts, the requested materials are relevant to his claims.

The District Attorney and Deputy District Attorney ("DAs") state that Mr. Moore has provided Plaintiff with documents that were used in preparation of his presentation. *Motion* [#135] at 2.  The DAs object to providing any additional material, including the PowerPoint presentation and the outline prepared for the presentation. *Id.* The DAs move to quash the subpoena on several grounds. First, the DAs assert that the subpoena should be quashed as a matter of public policy because prosecutors should be able to make presentations without fear that their materials will be disclosed.  The DAs claim that the subpoena would have a chilling effect on a prosecutor's willingness to train other prosecutors about cases and ethical matters.  *Id.* at 2-3.  The DAs also contend that as non-parties, their office should be protected "against the time and expense of complying with subpoenas."  *Id.* at 3-4.  The DAs also claim that they will not be able to construct the materials in response to the subpoena.  *Id.* at 4.  In addition, the DAs claim that the subpoena is overbroad, requests information that is not relevant, and that compliance with the subpoena would present an undue burden. *Id.* at 5-6.  As an alternative to quashing the subpoena, the DAs request that the Court enter a protective order regarding the materials or conduct an in-

camera review. *Id.* at 8.

## Analysis

Fed. R. Civ. P. 45 governs discovery from non-parties by subpoena. Rule 45 requires that the recipient of a subpoena timely file a motion to quash or modify the subpoena if it (1) fails to allow a reasonable time to comply, (2) requires disclosure of privileged or other protected matter, or (3) subjects a person to undue burden. *See* Fed. R. Civ. P. 45(c)(3)(A). The objecting party has the burden of showing that the discovery requested is objectionable. *Klesch & Co. v. Liberty Media Corp.,* 217 F.R.D. 517, 524 (D. Colo. 2003).

The DAs argue that the materials requested by Plaintiff are not relevant to this litigation. Pursuant to Fed. R. Civ. P. 26(b), parties are entitled to discovery on any matter "relevant to the subject matter involved in the pending action." Relevancy under Rule 26 is extremely broad. *In re Surety Assoc. of America*, 388 F.2d 412, 414 (2nd Cir. 1967). Information is relevant if it is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Simpson v. Univ. of Colorado*, 220 F.R.D. 354, 356 (D. Colo. 2004) (citations omitted); *see also Cont'l Ill. Nat'l Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 685 (D. Kan. 1991) (stating that a party resisting discovery based on relevancy grounds bears the burden of explaining how "each discovery request is

4

irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, or burdensome"). Further, the objecting party cannot "sustain this burden with boilerplate claims that the requested discovery is oppressive, burdensome or harassing." *Id.* (citation omitted). However, when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request. *See Paradigm Alliance, Inc. v. Celeritas Tech., LLC,* 2008 WL 678700, at *2 (D. Kan. Mar. 7, 2008) (unpublished decision) (citation omitted). Plaintiff must satisfy a burden of proof heavier than the ordinary burden imposed by Rule 26, as the subpoena relates to non-parties. *See Echostar Communications Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D.Colo. 1998). The fact that discovery is sought from a non-party is one factor the Court may weigh in determining whether Plaintiff is entitled to enforcement of the subpoena. *Id.* (citing *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993)). Courts are required to balance the need for discovery against the burden imposed when parties are ordered to produce information or materials, and the status of a person or entity as a non-party is a factor which weighs against disclosure. *Id.* (citing *American Standard Inc. v. Pfizer, Inc.*, 828 F.2d 734, 738 (Fed. Cir. 1987)).

Plaintiff contends that the material presented by Deputy District Attorney Moore at the conference is relevant to Plaintiff's claim for compensatory damages based on loss of reputation. *See Amended Complaint* [#71] at 86. Plaintiff claims that a witness told him that Moore "apparently" asserted that Plaintiff was guilty of the Hettrick murder. *Response* [#139] at 3. Thus, Plaintiff argues, Moore's presentation is potential evidence of "continuing damage" to his reputation. *Id.* at 3-4. The DAs contend that their office's opinions and recommendations presented at a conference are simply irrelevant. *Motion* [#135] at 5.

There is some merit to the DAs' relevancy argument.  Plaintiff has not made a compelling case for the relevance of the subpoenaed material.  However, given the broad relevancy standard, I cannot conclude that the discovery Plaintiff seeks has no possible relevance or could not aid Plaintiff in meeting his burden of proof by leading to the discovery of other admissible evidence.

The DAs also contend that the subpoena should be quashed "as a matter of public policy." *Id.* at 2. They assert that the purpose of the conference presentation was to advise prosecutors about the ethical issues raised by Plaintiff's criminal case.  *Id.*  at 2-3. The DAs also assert that the drafts, notes, and the presentation materials are "work product" and enforcement of the subpoena would create "great potential for a chilling effect on prosecutors' willingness to train other prosecutors on controversial  cases or topics." *Id.* at 2.

The concerns raised by the DAs are overstated and merely speculate as to possible consequences as a result of compliance with the subpoena.  Plaintiff alleges, and the DAs do not dispute, that the presentation was made to a number of law enforcement personnel other than prosecutors. The conference was a quasi-public forum, not a confidential meeting among prosecutors.  The DAs concede that many of the source materials for the presentation are a matter of public record.   There does not appear to be a genuine privacy or public policy issue at stake here.  *See Nova Products, Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 241 (S.D.N.Y. 2004) (holding that party does not have privacy interest in subpoenaed documents when documents were disclosed at forum that was neither private nor confidential).

The DAs also briefly mention that the subpoena seeks "work product."  *Id.* The

attorney work-product privilege offers sweeping protection to factual materials where their consideration reflects the thought process of an attorney. *Hickman v. Taylor*, 329 U.S. 495, 511 (1947).  Additionally, the privilege extends to materials prepared by nonattorneys who are supervised by attorneys. *United States v. Nobles*, 422 U.S. 225, 238-39 (1975).  But the work product doctrine only applies to materials authored in anticipation of litigation. *Grace United Methodist Church v. City of Cheyenne*, 451 F.3d 643, 668 (10th Cir. 2006). Litigation need not be imminent for the attorney work-product privilege to apply; rather, it must only be reasonably foreseeable.  *Schiller v. NLRB*, 964 F.2d 1205, 1208 (D.C. Cir. 1992).

The materials requested in the subpoena were prepared for a presentation at a conference.  Mr. Moore did not assemble the material in anticipation of litigation. *See Motion* [#135] at 4. The work-product doctrine clearly does not apply to the subpoenaed information.

The DAs also assert that the subpoena is overbroad and that compliance with the subpoena would create an undue burden for their office.  If the objecting party claims that a subpoena is unduly burdensome, the alleged burden must usually be established "by affidavit or other reliable evidence." *Hertz v. Luzenac Am., Inc.,* No. 04-cv-1961-LTB-CBS, 2006 WL 994431, at *12 (D. Colo. Apr. 13, 2006) (unpublished decision) (citing *Burton Mech. Contractors, Inc. v. Foreman*, 148 F.R.D. 230, 233 (N.D. Ind. 1992)). The DAs have not provided any evidence to support the claim that production of the materials would be an undue burden.  In fact, it seems to the Court that any burden would be slight, requiring little effort.  In addition, the request for materials is not overbroad.  The subpoena is very specific, involving presentation materials utilized by Deputy District Attorney Moore on one

7

day of the conference.[2]

       As an alternative to quashing the subpoena, the DAs request an in-camera review
of the documents produced in response to the subpoena or that the Court issue a
protective order regarding the materials. The decision to issue a protective order rests
within the sound discretion of the trial court.  *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir.
1990).   Fed. R. Civ. P. 26(c) allows the Court to limit the discovery of certain information.
A protective order may issue upon a showing of good cause "to protect a party or person
from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R.
Civ. P. 26(c).  The good cause standard of 26(c) is not met by the conclusory statements
of the opposing party.  *Klesch & Co. Ltd. v. Liberty Media Corp.*, 217 F.R.D. 517, 524
(D.Colo. 2003).  Instead, "the party seeking a protective order must show that disclosure
will result in a clearly defined and serious injury to that moving party." *Id.* (citing *Exum v.
United States Olympic Committee*, 209 F.R.D. 201, 206 (D.Colo. 2002)).  As a general rule,
the "good cause" calculation requires that the Court balance "the [moving] party's need for
information against the injury which might result from unrestricted disclosure." *Id.* (citations
omitted).   In addition, the Court should consider any privacy interests that may be
implicated and whether the case involves issues that may be important to the public.  *Id.*

       I find that the DAs have not shown that they will suffer a serious injury in the
absence of a protective order covering the subpoenaed materials.  In other words, the DAs
have not shown good cause for the protective order.  For the same reasons, the Court

_____

       [2] Plaintiff states that he is not requesting that the DAs reconstruct any destroyed
materials, but only materials that currently exist and are in the DAs' possession. *Response*
[#139] at 4.

denies the request for in-camera review.

## Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the District Attorney's **Objection and Motion to Quash Subpoena or, in the Alternative, for a Protective Order** [#135] is **DENIED**.

**The parties are advised that no future opposed discovery motions are to be filed with the Court until the parties comply with D.C.COLO.LCivR. 7.1(A). If the parties are unable to reach agreement on a discovery issue after conferring, they shall arrange a conference call with Magistrate Judge Mix to attempt to resolve the issue. Both of these steps must be completed before any contested discovery motions are filed with the Court.**

Dated:  November 17, 2009
`

BY THE COURT:

 s/ Kristen L. Mix
U.S. Magistrate Judge
Kristen L. Mix